IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TRUSTEES OF CONNEAUT LAKE PARK, INC., | ) ) | Bankruptcy Case No. 14-11277-JAD |
| | ) | Chapter 11 |
| Debtor. | ) ) | |
| _____ | ) ) | |
| TRUSTEES OF CONNEAUT LAKE PARK, INC., | ) ) | Document No. 119 |
| | ) | |
| Movant, | ) ) | Relates to Doc. No. 111 |
| v. | ) ) | Hearing Date: May 19, 2015 @ 10 a.m. |
| NO RESPONDENT, | ) ) | Responses Due: _____ |
| Respondent. | ) ) | |

**FINAL ORDER AUTHORIZING
DEBTOR-IN-POSSESSION FINANCING
AND GRANTING OF LIEN AND PRIORITY
<u>ADMINISTRATIVE EXPENSE PURSUANT TO 11 U.S.C. § 364(c) & (d)</u>**

Upon consideration of the Expedited Motion for Final Order Authorizing Debtor-in-Possession Financing and Granting of Lien and Priority Administrative Expense Pursuant to 11 U.S.C. § 364(c) & (d) of the Bankruptcy Code (the "*Motion*") and any objections and responses thereto, it is ORDERED, ADJUDED AND DECREED as follows:

1. The Motion is GRANTED and limited to the terms set forth in this Final Order (the "*Final Order*").

2. The Debtor's authority to obtain post-petition financing on an interim basis from the Economic Progress Alliance for Crawford County ("*EPACC*") in the amount of $150,000 (the "*DIP Loan*") is now made final on the following terms and conditions:

| EPACC DIP Loan | |
|---|---|
| Principal | $150,000.00 |
| Interest Rate | 4.00% per annum, fixed |
| Term | Forty-Eight (48) Months |
| Repayment | (i) No payments in Months 1 through 12;<br>(ii) Interest only payments for Months 13 through 24, aggregating not more than $7,500, payable on or before Month 24; and<br>(iii) Principal & Interest amortized over twenty-four (24) months and payable in equal monthly installments commencing on Month 25 with all amounts outstanding due and owing in full in Month 48. |
| Collateral | A lien on all of the real and personal property of the Debtor that is junior to existing lienholders and *para passu* with the Commission |
| Closing Costs | (i) Application Fee ($250.00);<br>(ii) Commitment Fee of One (1%) percent of the Loan amount, ($1,500.00);<br>(iii) One quarter of one percent (1/4 of 1%) of the Loan amount due on each anniversary of the Loan closing ($375.00);<br>(iv) Attorneys Fee ($500.00); and<br>(v) Any applicable recording fees |

3. The Debtor is authorized to obtain additional post-petition financing on a final basis from Northwest Pennsylvania Regional Planning and Development Commission (the "*Commission*"; together with EPACC collectively, the "*DIP Lenders*") in the amount of $150,000 for a total debtor-in-possession loan of $300,000 (the "*DIP Loan*").

4. The Commission DIP Loan shall having the following terms and conditions:

| The Commission DIP Loan | |
|---|---|
| Principal | $150,000.00 |
| Interest Rate | 5.00% per annum, fixed |
| Term | Forty-Eight (48) Months |
| Repayment | (i) No payments in Months 1 through 12;<br>(ii) Interest only payments for Months 13 through 24, payable on or before Month 24; and |

-2-

|  |  |
|---|---|
|  | (iii) Principal & Interest amortized over twenty-four (24) months and payable in equal monthly installments commencing on Month 25 with all amounts outstanding due and owing in full in Month 48. |
| Collateral | A lien on all of the real and personal property of the Debtor that is junior to existing lienholders and *para passu* with EPACC |
| Other Terms & Conditions: | A guaranty from EPACC for the full and prompt payment of the Commission DIP Loan |

5. In addition to the foregoing terms and conditions of the Commission DIP Loan, and as evidenced by the signed Commitment Letter (the "*Commitment Letter*") attached to the Motion as Exhibit B, the funding of the Commission DIP Loan is contingent upon satisfaction of the certain events (the "*Funding Contingencies*") within ninety (90) days of May 4, 2015, unless otherwise waived by the Commission in writing. These Funding Contingencies include:

   a. Execution of loan documents in a form and substance acceptable to the Commission and consistent with the terms and conditions provided in this Motion and the Final Order;

   b. Final order of court approving both tranches of the DIP Loan;

   c. Final order of court authorizing the right to market and sell what is commonly known as the "Flynn Property" free and clear of the charitable use restriction presently imposed upon the Flynn Property;

   d. Opening of the Park by the Debtor on or before May 23, 2015;

   e. Appropriate corporate resolutions authorizing the actions taken by the Debtor and EPACC with respect to the Commission DIP Loan;

   f. Applicable Subsistence Certificates for the Debtor and EPACC; and

   g. Naming of the Commission as a Mortgagee and Loss Payee on Debtor's property and casualty insurance.

6. The obligations of the Debtor under the DIP Loans (collectively, the "**DIP Obligations**") shall: (i) pursuant to Section 364(c)(1) of the Bankruptcy code, at all times constitute allowed administrative expense claims in the case having priority over all other administrative expenses of the kind specified in Sections 503(b) or 507(b) of the Bankruptcy Code; (ii) at all times be senior to any rights arising under Section 546(c) of the Bankruptcy Code; (iii) pursuant to Section 364(c)(2) of the Bankruptcy Code, at all times be secured by a perfected priority lien and security interest on all of the Debtor's property not otherwise subject to a lien (other than avoidance claims arising under Chapter 5 of the Bankruptcy Code); and (iv) pursuant to Section 364(c)(3) and 364(d)(1) of the Bankruptcy Code, be secured by a perfected lien and security interest upon all of the tangible and intangible property of the Debtor, subordinate only to the valid liens and perfected security interests, in their relative priority, existing as of the Petition Date.

7. Any credit extended and loans made by the DIP Lenders under the DIP Loan shall be deemed to have been extended in good faith, as that term is used in Section 364(e) of the Bankruptcy code.

8. The administrative priority of the DIP Loan shall be subordinated only to: (i) the payment of quarterly fees to the Office of the United States Trustee; and (ii) the fees and expenses of the Debtor's professionals.

9. This Final Order shall be deemed to be and shall constitute a loan agreement, a mortgage, and a security agreement under the applicable provisions of the laws of the Commonwealth of Pennsylvania, including, but not limited to, the Pennsylvania Uniform Commercial Code. The security interests and liens granted to the DIP Lenders by this Final Order shall be deemed perfected upon entry of this Final Order without further

consideration, new and continuing, good, valuable and adequate consideration having been received and acknowledge the Debtor and without the necessity of filing by any person of any documents or other instruments otherwise required to be filed under applicable non-bankruptcy law for the attachment and perfection of security interests or liens, with such validity and perfection being binding upon the Debtor, or any successor or any subsequently appointed trustee in any proceeding under any chapter of the Code, and upon any and all of the creditors of the Debtor who have extended or may hereafter extend credit to the Debtor, or assert a claim of any nature or in any manner whatsoever in this bankruptcy case or in any superseding bankruptcy case of the Debtor, whether or not notice of the filing of the bankruptcy case has been filed in any county or any political or administrative subdivision in which any assets of the Debtor are or may be located. The provisions of Section 362 of the Bankruptcy Code are hereby modified to allow the DIP Lender to carry out the terms of this Final Order.

10. Counsel for the Debtor shall immediately serve a copy of this Final Order on all parties listed on the current Clerk's mailing matrix and all parties in interest and shall file a certificate of service within seven (7) days.

Dated: 5-19-2015

JEFFERY A. DELLER
Chief U.S. Bankruptcy Judge

FILED
5/19/15 1:40 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

-5-