IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 14-11277 JAD |
| | : | |
| TRUSTEES OF CONNEAUT LAKE | : | CHAPTER 11 |
| PARK, INC., | : | |
|    Debtor. | : | JUDGE DELLER |
| _____ | : | |

**DISCLOSURE STATEMENT TO ACCOMPANY PLAN OF ORDERLY LIQUIDATION
DATED OCTOBER 15, 2015 FILED BY
THE UNOFFICAL (AD HOC) COMMITTEE OF REAL ESTATE TAX CREDITORS
OF TRUSTEES OF CONNEAUT LAKE PARK, INC.**

☐ Chapter 11 Small Business (Check only if debtor has elected to be considered a small business under 11 U.S.C. § 1121(e)).

The Unofficial (Ad Hoc) Committee of Real Estate Tax Creditors of Trustees of Conneaut Lake Park, Inc. (the "Ad Hoc Committee") furnishes this disclosure statement to all creditors in the above-captioned matter pursuant to Bankruptcy Code § 1125 to assist them in evaluating the Ad Hoc Committee's proposed Chapter 11 plan of orderly liquidation (the "Plan"), a copy of which is attached hereto. Creditors may vote for or against the Plan. Creditors who wish to vote must complete their ballots and return them to the following address before the deadline noted in the order approving the disclosure statement and fixing time. The Court will schedule a hearing on the Plan pursuant to 11 U.S.C. § 1129.

    Address for return of ballots:

    ***Lawrence C. Bolla, Esq.***
    ***Quinn, Buseck, Leemhuis, Toohey & Kroto, Inc.***
    ***2222 West Grandview Boulevard***
    ***Erie, Pennsylvania 16506***

**I.**    **Background**

    1.    Name of Debtor:

        ***Trustees of Conneaut Lake Park, Inc.***
        ***12382 Center Street***
        ***Conneaut Lake, PA  16316***

    2.    Type of Debtor (individual, partnership, corporation):

        ***Pennsylvania Non-Profit Corporation***

3.      Debtor's Business or Employment:   *The Debtor owns approximately 200 acres of real estate situation in Crawford County, Pennsylvania.  A substantial portion of this acreage is leased to various residential cottage/seasonal tenants.  The remainder of the acreage is vacant or has various structures located thereon, including a water company and an amusement park.*

4.      Date of chapter 11 Petition:   *December 4, 2014*

5.      Events that Caused the Filing: *Debtor had unpaid real estate taxes since 1996 in the approximate amount of $950,000.00.  An execution sale was scheduled on these tax judgments in December, 2014.*

6.      Anticipated Future of the Company & Source of this Information and Opinion:

       *This is a Plan of orderly liquidation.  Pursuant to the Plan, the Ad Hoc Committee as the Plan Proponent proposes to conduct an orderly liquidation of all or substantially all of the Debtor's assets over a period expected to end in 2016.*

7.      Summarize all Significant Features of the Plan Including When and How Each Class of Creditor Will Be Paid and What, If Any, Liens Will Be Retained By Secured Creditors or Granted to Any Creditor Under the Plan:

       *This is a liquidating Chapter 11 Plan, which proposes to sell or otherwise liquidate all or substantially all of the Debtor's assets. The proceeds will be used to pay the creditors in the following order of priority:*

       *Class 1 Secured Claims shall be paid in full in the order of their lien priority in accordance with applicable non-bankruptcy law and to the extent that funds are available from the liquidation of their collateral.*

       *Class 2 consists of all Priority Claims. These claims will be paid in full to the extent funds are available after the payment of Class 1 Claims and from the liquidation of the Debtor's assets that are not subject to the security interest of the secured creditors.*

       *Class 3 consists of the Unsecured Creditors.  The Unsecured Creditors will be paid in full to the extent that cash is available after the payment in full of Class 1 and Class 2 Claims.*

8.      Are All Monthly Operating Statements current and on File With The Clerk of Court?

               ☒ Yes        ☐ No

9.      Does the plan provide for releases of nondebtor parties?   *No.*

2

10.     Identify all executory contracts that are to be assumed or assumed and assigned.

*The Plan proposes to reject the Management Agreement with EPACC and all executory contracts and leases that the Debtor currently has with various seasonal cottage residents, all of which are identified on Schedule G and Amended Schedule G of the Debtor's Schedules, each of which are further identified and attached hereto as Exhibit A.*

11.     Has a bar date been set? (If not, a motion to set the bar date has been filed simultaneously with the filing of this disclosure statement.)

        ☒ Yes      ☐ No

12.     Has an election under 11 U.S.C. § 1121(e) been filed with the Court to be treated as a small business?

        ☐ Yes      ☒ No

13.     Specify property that will be transferred subject to 11 U.S.C. § 1146(c).

*All real estate and personal property owned by the Debtor.*

## II.   Creditors

## A. SECURED CLAIMS[1]

| Creditor | Total Amount Claimed | Type of Collateral Priority of Lien (1, 2, 3) | (D) (L) (U)* | Will Liens be Retained Under the Plan (Y)or(N) |
|---|---|---|---|---|
| Crawford County Tax Claim Bureau (Judgments for unpaid Real Estate Taxes beginning on January 1, 1998 to the Present.) *(Proof of Claim No. 14)* | $239,403.14 in addition to interest, penalties, and allowed fees as an over-secured creditor. | 1A | | N |
| Conneaut Lake School District (Judgments for unpaid Real Estate Taxes beginning on January 1, 1998 to the Present.) *(Proof of Claim No. 13)* | $713,690.74, in addition to interest, penalties, and allowed fees as an over-secured creditor. | 1B | | N |

---

[1]  The Plan Administrator reserves, and shall have the right, to object to any and all secured claims, regardless of whether the Debtor has listed said claims as disputed, contingent, or unliquidated.

| Creditor | Total Amount Claimed | Type of Collateral Priority of Lien (1, 2, 3) | (D) (L) (U)* | Will Liens be Retained Under the Plan (Y)or(N) |
|---|---|---|---|---|
| Summit Township (Judgments for unpaid Real Estate Taxes beginning on January 1, 1998 to the Present.) *(Proof of Claim No. 16)* | $44,826.22, in addition to interest, penalties, and allowed fees as an over-secured creditor. | 1C | | N |
| Sadsbury Township (Judgments for unpaid Real Estate Taxes beginning on January 1, 1998) *(Proof of Claim No. 15)* | $12,384.35, in addition to interest, penalties, and allowed fees as an over-secured creditor. | 1D | | N |
| First Capital Finance, Inc./Summit Township (Judgment entered at Case No. 1998-31232; Revived to 2003-31469; Revived to 2008-31506; Revived to 2013-30750) | $189,521.90 | 2 | | N |
| Berkheimer Associates, agent for Conneaut School District (Judgment entered 3/17/1999 at Case No. 1999-30112) | $40,329.95 | 3 | | N |
| United States of America, Internal Revenue Service (Judgment entered 7/6/1999 at Case No. 1999-248) *(The Internal Revenue Service filed Amended Proof of Claim No. 5 that reflects a balance due of $0.00. It is unclear as to whether the lien filed in the Crawford County Prothonotary's Office has been satisfied.)* | $2,026.49 | 4 | D | N |
| Summit Township (Judgment entered 6/7/2000 at Case No. 2000-70210) | $2,794.66 | 5 | | N |
| Dept. of Labor & Industry (Judgment – Unknown – Listed on Schedule D) | $2,432.66 | 6 | D | N |

| Creditor | Total Amount Claimed | Type of Collateral Priority of Lien (1, 2, 3) | (D) (L) (U)* | Will Liens be Retained Under the Plan (Y)or(N) |
|---|---|---|---|---|
| Joseph J. and Isabel J. Prischak (Judgment entered 3/26/2002 at Case No. 2002-60166; Revived to 2007-30209; Revived to 2012-30238)*(Proof of Claim No. 19)* | $382,156.29 | 7 | | N |
| Conneaut Lake Joint Municipal Authority (Mortgage: Record Book 632, page 207) | $339,550.44 | 8 | | N |
| Mercer County State Bank (Mortgage: Record Book 712, page 232) *(Proof of Claim No. 8)* | $74,837.14 | 9 | | N |
| Conneaut Lake Joint Municipal Authority (Judgment entered on 8/27/2004 at Case No. 2004-70224) | $131,845.56 | 10 | | N |
| Conneaut Lake Joint Municipal Authority (Judgment entered on 12/30/2004 at Case No. 2005-70001) | $19,270.35 | 11 | | N |
| First National Bank of Pennsylvania, now by assignment Joseph J. Prischak (Judgment entered on 6/1/2006 at Case No. 2006-60450; Revived to 2011-30740 and Case No. 2006-60451; Revived to 2011-30739; Per Counsel for Joseph J. and Isabel J. Prischak the Judgments entered at 2006-450 and 2006-451 evidence the same obligation.) *(Proof of Claim No. 20)* | $388,741.94 | 12A | | N |
| Joseph J. Prischak and Isabell J. Prischak (Judgment entered on 6/1/2006 at Case No. 2006-60451; Revived to 2011-30739;  Per Counsel for Joseph J. and Isabel J. Prischak the Judgments entered at 2006-450 and 2006-451 evidence the same obligation.) *(Proof of Claim No. 20)* | $0.00 | 12B | D | N |

| Creditor | Total Amount Claimed | Type of Collateral Priority of Lien (1, 2, 3) | (D) (L) (U)* | Will Liens be Retained Under the Plan (Y)or(N) |
|---|---|---|---|---|
| Commonwealth of Pennsylvania, Dept. of Revenue (Judgment entered 7/26/2006 at Case No. 2006-60671) | $500.01 | 13 | D | N |
| Commonwealth of Pennsylvania, Dept. of Revenue  (Judgment entered 11/21/2006 at Case No. 2006-61032) | $641.32 | 14 | D | N |
| Conneaut Lake Joint Municipal Authority (Judgment entered 2/8/2007 at Case No. 2007-70019) | $47,798.70 | 15 | | N |
| Donald G. Kaltenbaugh (Judgment entered 2/13/2007 at Case No. 2006-31858; Revived to 2012-30111) | $65,523.45 | 16 | | N |
| U.S. Food Service, Inc.  (Judgment entered 1/17/2008 at Case No. 2008-60033; Revived to 2011-30963) *(Proof of Claim No. 9)* | $29,488.47 | 17 | | N |
| Conneaut Lake Joint Municipal Authority (Judgment entered 1/8/2009 at Case No. 2009-70002) | $44,370.93 | 18 | | N |
| The Quinn Law Firm (Judgment entered 9/19/2014 at Case No. 2014-30655 (revival of lapsed Judgment at 1998-1222) *(Proof of Claim No. 6)* | $17,946.06 | 19 | | N |
| Conneaut Lake Joint Municipal Authority  (Judgment entered 10/2/2014 at Case No. 2014-70253) | $23,238.86 | 20 | | N |
| Economic Progress Alliance for Crawford County (EPACC) (Post-Petition Loan approved at Document No. 139 and paru passu with Northwest Regional Planning and Development Commission.) | $150,000.00 | Real and Personal Property pursuant to Court Order | | N |
| Northwest Pennsylvania Regional Planning and Development Commission (Post-Petition Loan approved at Document No. 139 and paru passu with EPACC.) | $150,000.00 | Real and Personal Property pursuant to Court Order | | N |

| Creditor | Total Amount Claimed | Type of Collateral Priority of Lien (1, 2, 3) | (D) (L) (U)* | Will Liens be Retained Under the Plan (Y)or(N) |
|---|---|---|---|---|
| **TOTAL** | **$3,113,319.63, plus additional amounts due to Crawford County, Conneaut Lake School District, Summit Township, and Sadsbury Township for principal, interest, and allowed fees.** | | | |

\* Disputed (D), Liquidated(L), Unliquidated (U)

## B. PRIORITY CLAIMS[2]

| Creditor | Total Amount Claimed | (D) (L) (U)* |
|---|---|---|
| Pennsylvania Dept. of Revenue (*Proof of Claim No. 12*) | $40.84 | |
| Crawford County (*Proof of Claim No. 14*) | $540.00, in addition to interest, penalties, and all taxes assessed 2014 for 2015 | |
| Conneaut School District (*Proof of Claim No. 13*) | $20,003.27, in addition to interest, penalties, and all taxes assessed for 2014 and 2015 | |
| Sadsbury Township | Unknown (This figure will represents all taxes assessed for the year 2014 and 2015.) | |

---

[2] The Plan Administrator reserves, and shall have, the right to object to any and all priority claims, regardless of whether the Debtor has listed said claims as disputed, contingent or unliquidated.

| Creditor | Total Amount Claimed | (D) (L) (U)* |
|---|---|---|
| Summit Township | Unknown. (This figure will represent all taxes assessed for the year 2014 and 2015.) | |
| **TOTAL** | **$20,584.11, in addition to interest, penalties, and all taxes assessed for the year 2014 and 2015.** | |

\* Disputed (D), Liquidated (L), Unliquidated (U)

C.     UNSECURED CLAIMS[3]

*The Plan classifies all general unsecured claims as Class 3 claims.  The Class 3 General Unsecured Claims have been estimated in the approximate amount of $2,728,508.10.[4]  At the current time, the dividend to the unsecured creditors cannot be known.  The Plan proposes to pay the Class 3 claims in full from the liquidation of all or substantially all of the Debtor's assets to the extent that cash is available and to the extent that the Class 1 and the Class 2 claims have been paid in full.*

---

[3] The Plan Administrator reserves, and shall have, the right to object to any and all unsecured claims, regardless of whether the Debtor has listed said claims as disputed, contingent, or unliquidated.

[4] On or about July 13, 2015 Gary Harris filed a Proof of Claim indicating that the Claimant was "Gary Harris and Alter Ego for MM-E, 16401, Concore, Richman, Resort, Asset Mgmt. Trust, et al. and 3740 Corp. d/b/a The Water Company".  For the purposes of this Disclosure Statement and the Plan, this claim will be treated as an unsecured claim in the amount of $1,430,000.30 ("the Harris Claim").

The Harris Claim will be designated pursuant to 11 U.S.C. Section 1126(e ) for purposes of voting on the Plan; and, in all likelihood, the Bankruptcy Court will issue an Order prohibiting a vote to accept or reject the Plan by the Harris Claim.

The Plan provides that the Plan Administrator has the sole right to object to unsecured claims.  The Plan Administrator will object to the Harris Claim for the following reason:

1)     The Harris Claim alleges essentially the same claim or cause of action already decided by the Crawford County Court of Common Pleas.  The Court of Common Pleas of Crawford County denied the Harris Claim.  Accordingly, pursuant to the Rooker-Feldman Doctrine; principals of res judicata; the Issue Preclusion Doctrine; and other defenses, the Harris Claim cannot now be reasserted in this Bankruptcy Case.  It anticipated that the Bankruptcy Court would disallow the Harris Claim in full.

Assuming that the Harris Claim is disallowed in full, the remaining allowed Class 3 Unsecured Claims would total $1,298,507.80.

III.   **Assets**

## ASSETS

| Assets | Value | Basis for Value Priority of Lien | Name of Lien Holder (if any) (Fair Market Value/Book Value) | Amount of Debtor's Equity (Value Minus Liens) |
|---|---|---|---|---|
| Real Property | $2,955,000.00 | Debtor's Estimate | See Secured Claims set forth in Section II.A above/ $3,113,319.63, plus additional amounts due to Crawford County, Conneaut School District, Summit Township, and Sadsbury Township for principal, interest, allowed fees | ($158,319.63) |
| Proceeds from Fire Insurance Litigation involving Park Restoration LLC | $611,000.00, plus interest | Deposited in Court's Registry Account | | $611,000.00, plus interest |
| Personal Property, including but not limited to amusement rides and cash on hand | $3,253,422.00, less unidentified depreciation | Debtor's Monthly Operating Reports | EPACC and Northwest Planning pursuant to post-petition financing Order | $3,253,422.00, less unidentified depreciation |
| Leased real estate with leases to be rejected and sold | Unknown | | | Unknown |

| Assets | Value | Basis for Value Priority of Lien | Name of Lien Holder (if any) (Fair Market Value/Book Value) | Amount of Debtor's Equity (Value Minus Liens) |
|---|---|---|---|---|
| **TOTAL** | **$6,819,422.00, less unidentified depreciation, plus unknown value of real estate with leases to be rejected and sold** | | | **$3,864,422.00, less unidentified depreciation, plus unknown value of real estate with leases to be rejected and sold** |

1.   Are any assets which appear on Schedule A or B of the bankruptcy petition not listed above?  *No.*

2.   Are any assets listed above claimed as exempt?   *No.*

   If so attach a copy of Schedule C and any amendments.

**IV.   Summary of Plan**

1.   Effective Date of Plan:

   *The Effective Date of the Plan is defined in Article XII of the Plan.  The Effective Date means a date, as determined by the Ad Hoc Committee, that is a Business Day on which (a) all conditions precedent set forth in Article XII of the Plan have been satisfied or waived as provided in Article XII of the Plan and (b) no stay of the Confirmation Order is in effect.*

2.   Will cramdown be sought?  __X__ Yes _ No  If yes, state bar date:  The Plan reserves the right to use cramdown to gain approval, if necessary.

3.   Treatment of Secured **Non-Tax** Claims

SECURED **NON-TAX** CLAIMS

| Name of Creditor | Class | Amount Claimed | Summary of Proposed Treatment |
|---|---|---|---|
| Joseph J. and Isabel J. Prischak (Judgment entered 3/26/2002 at Case No. 2002-60166; Revived to 2007-30209; Revived to 2012-30238) *(Proof of Claim No. 19)* | 1 | $382,156.29 | To be paid in full from the sale of the Debtor's real estate to the extent that cash is available. |

| Name of Creditor | Class | Amount Claimed | Summary of Proposed Treatment |
|---|---|---|---|
| Conneaut Lake Joint Municipal Authority (Mortgage dated and recorded on March 7, 2003 in Record Book 632, page 207) | 1 | $339,550.44 | To be paid in full from the sale of the Debtor's real estate to the extent that cash is available. |
| Mercer County State Bank (Mortgage dated May 21, 2004 and recorded May 27, 2004 in Record Book 712, page 232) *(Proof of Claim No. 8)* | 1 | $74,837.14 | To be paid in full from the sale of the Debtor's real estate to the extent that cash is available. |
| Conneaut Lake Joint Municipal Authority (Judgment entered on 8/27/2004 at Case No. 2004-70224) | 1 | $131,845.56 | To be paid in full from the sale of the Debtor's real estate to the extent that cash is available. |
| Conneaut Lake Joint Municipal Authority (Judgment entered on 12/30/2004 at Case No. 2005-70001) | 1 | $19,270.35 | To be paid in full from the sale of the Debtor's real estate to the extent that cash is available. |
| First National Bank of Pennsylvania, now by assignment Joseph J. Prischak (Judgment entered on 6/1/2006 at Case No. 2006-60450; Revived to 2011-30740); Per Counsel for Joseph J. and Isabel J. Prischak the Judgments entered at 2006-450 and 2006-451 evidence the same obligation. *(Proof of Claim No. 20)* | 1 | $388,741.94 | To be paid in full from the sale of the Debtor's real to the extent that cash is available. |
| Joseph J. Prischak and Isabell J. Prischak (Judgment entered on 6/1/2006 at Case No. 2006-60451; Revived to 2011-30739);  Per Counsel for Joseph J. and Isabel J. Prischak the Judgments entered at 2006-450 and 2006-451 evidence the same obligation.  *(Proof of Claim No. 20)* | 1 | $0.00 | To be paid in full from the sale of the Debtor's real estate to the extent that cash is available. |
| Conneaut Lake Joint Municipal Authority (Judgment entered 2/8/2007 at Case No. 2007-70019) | 1 | $47,798.70 | To be paid in full from the sale of the Debtor's real estate to the extent that cash is available. |
| Donald G. Kaltenbaugh (Judgment entered 2/13/2007 at Case No. 2006-31858; Revived to 2012-30111) | 1 | $65,523.45 | To be paid in full from the sale of the Debtor's real estate to the extent that cash is available. |

| Name of Creditor | Class | Amount Claimed | Summary of Proposed Treatment |
|---|---|---|---|
| U.S. Food Service, Inc.  (Judgment entered 1/17/2008 at Case No. 2008-60033; Revived to 2011-30963) *(Proof of Claim No. 9)* | 1 | $29,488.47 | To be paid in full from the sale of the Debtor's real estate to the extent that cash is available. |
| Conneaut Lake Joint Municipal Authority (Judgment entered 1/8/2009 at Case No. 2009-70002) | 1 | $44,370.93 | To be paid in full from the sale of the Debtor's real estate to the extent that cash is available. |
| The Quinn Law Firm (Judgment entered 9/19/2014 at Case No. 2014-30655 (revival of lapsed Judgment at 1998-1222) *(Proof of Claim No. 6)* | 1 | $17,946.06 | To be paid in full from the sale of the Debtor's real estate to the extent that cash is available. |
| Conneaut Lake Joint Municipal Authority  (Judgment entered 10/2/2014 at Case No. 2014-70253) | 1 | $23,238.86 | To be paid in full from the sale of the Debtor's real estate to the extent that cash is available. |
| Economic Progress Alliance for Crawford County (EPACC) (Post-Petition Loan approved at Document No. 139 and paru passu with Northwest Regional Planning and Development Commission.) | 1 | $150,000.00 | To be paid in full from the sale of the Debtor's real estate to the extent that cash is available. |
| Northwest Pennsylvania Regional Planning and Development Commission (Post-Petition Loan approved at Document No. 139 and paru passu with EPACC.) | 1 | $150,000.00 | To be paid in full from the sale of the Debtor's real estate to the extent that cash is available. |
| **TOTAL** | | **$1,864,768.19** | |

4.      Treatment of Secured **Tax** Claims

**SECURED TAX CLAIMS**

| Name of Creditor | Class | Amount Claimed | Summary of Proposed Treatment |
|---|---|---|---|
| Crawford County Tax Claim Bureau (Judgments for unpaid Real Estate Taxes beginning on January 1, 1998 to the Present.) *(Proof of Claim No. 14)* | 1 | $239,403.14 in addition to interest, penalties, and allowed fees, as an over-secured creditor. | To be paid in full from the sale of the Debtor's real estate to the extent that cash is available. |

| Name of Creditor | Class | Amount Claimed | Summary of Proposed Treatment |
|---|---|---|---|
| Conneaut School District (Judgments for unpaid Real Estate Taxes beginning on January 1, 1998 to the Present.) *(Proof of Claim No. 13)* | 1 | $713,690.74 in addition to interest, penalties, and allowed fees, as an over-secured creditor | To be paid in full from the sale of the Debtor's real estate to the extent that cash is available. |
| Summit Township (Judgments for unpaid Real Estate Taxes beginning on January 1, 1998 to the Present.) *(Proof of Claim No. 13)* | 1 | $44,826.22, in addition to interest, penalties, and allowed fees as an over-secured creditor | To be paid in full from the sale of the Debtor's real estate to the extent that cash is available. |
| Sadsbury Township (Judgments for unpaid Real Estate Taxes beginning on January 1, 1998 to the Present.) *(Proof of Claim No. 15)* | 1 | $12,384.35, in addition to interest, penalties, and allowed fees, as an over-secured creditor | To be paid in full from the sale of the Debtor's real estate to the extent that cash is available. |
| First Capital Finance, Inc./Summit Township (Judgment entered  at Case No. 1998-31232; Revived to 2003-31469; Revived to 2008-31506; Revived to 2013-30750) | 1 | $189,521.90 | To be paid in full from the sale of the Debtor's real estate to the extent that cash is available. |
| Berkheimer Associates, agent for Conneaut School District (Judgment entered 3/17/1999 at Case No. 1999-30112) | 1 | $40,329.95 | To be paid in full from the sale of the Debtor's real estate to the extent that cash is available. |
| United States of America, Internal Revenue Service (Judgment entered 7/6/1999 at Case No. 1999-248) *(The Internal Revenue Service filed Amended Proof of Claim No. 5 that reflects a balance due of $0.00.  It is unclear as to whether the lien filed in the Crawford County Prothonotary's Office has been satisfied.)* | 1 | $2,026.49 | To be paid in full from the sale of the Debtor's assets to the extent that cash is available. |
| Summit Township (Judgment entered 6/7/2000 at Case No. 2000-70210) | 1 | $2,794.66 | To be paid in full from the sale of the Debtor's real estate to the extent that cash is available. |

13

| Name of Creditor | Class | Amount Claimed | Summary of Proposed Treatment |
|---|---|---|---|
| Dept. of Labor & Industry (Judgment – Unknown – Listed on Schedule D) | 1 | $2,432.66 | To be paid in full from the sale of the Debtor's assets to the extent that cash is available. |
| Commonwealth of Pennsylvania, Dept. of Revenue (Judgment entered 7/26/2006 at Case No. 2006-60671) | 1 | $500.01 | To be paid in full from the sale of the Debtor's assets to the extent that cash is available. |
| Commonwealth of Pennsylvania, Dept. of Revenue (Judgment entered 11/21/2006 at Case No. 2006-61032) | 1 | $641.32 | To be paid in full from the sale of the Debtor's assets to the extent that cash is available. |
| **TOTAL** | | **$1,248,551.44** | |

5.      Treatment of Administrative **Non-Tax** Claims

ADMINISTRATIVE **NON-TAX** CLAIMS

| Name of Creditor* | Amount Claimed** | Type of Debt*** | Summary of Proposed Treatment and Date of First Payment |
|---|---|---|---|
| Stonecipher Law Firm | Approx. $150,000.00e | P | To be paid in full from the liquidation of the Debtor's assets to the extent cash is available following the payment of secured claims with priority over the secured claims of the Economic Progress Alliance of Crawford County and Northwest Regional Planning and Development Commission.  The Order entered at Document No. 139 provides that this claim can be paid ahead of any distribution to EPACC and Northwest Planning Commission prior to any distribution to EPACC and the Northwest Planning Commission on account of their secured claims. |

| Name of Creditor* | Amount Claimed** | Type of Debt*** | Summary of Proposed Treatment and Date of First Payment |
|---|---|---|---|
| Economic Progress Alliance for Crawford County (EPACC) | $132,000.00 | P | To be paid in full to extent the claim is allowed and after payment in full to secured claims, priority claims, unsecured claims, and the Stonecipher Law Firm.  The Plan Administrator reserves the right to object to this claim. |
| **TOTAL** | **$282,000.00e** | | |

* Identify and Use Separate Line for Each Professional and Estimated Amount of Payment
** Fee petitions for any unpaid fees will be filed within 45 days of confirmation of the Plan
*** Type of Debt (P = Professional, TD = Trade, TX = Taxes)

6.      Treatment of Administrative **Tax** Claims

ADMINISTRATIVE TAX CLAIMS

| Name of Creditor* | Amount Claimed | Type of Debt** | Summary of Proposed Treatment and Date of First Payment |
|---|---|---|---|
| **None.** | | | |
| | | | |
| **TOTAL** | **0** | | |

* Identify and Use Separate Line for Each Professional and Estimated Amount of Payment
** Type of Debt (P = Professional, TD = Trade, TX = Taxes)

7.      Treatment of Priority **Non-Tax** Claims

PRIORITY NON-TAX CLAIMS[5]

| Name of Creditor | Class | Amount Claimed | Summary of Proposed Treatment |
|---|---|---|---|
| | | | To be paid in full after the payment of Class 1 secured claims and administrative claims. |
| **None.** | | | |

---

[5] The Plan Administrator reserves, and shall have, the right to object to any and all priority claims, regardless of whether the Debtor has listed said claims as disputed, contingent or unliquidated.

| Name of Creditor | Class | Amount Claimed | Summary of Proposed Treatment |
|---|---|---|---|
|  |  |  |  |
| **TOTAL** |  | **0** |  |

       8.      Treatment of Priority **Tax** Claims

## PRIORITY TAX CLAIMS[6]

| Name of Creditor | Class | Amount Claimed | Summary of Proposed Treatment |
|---|---|---|---|
| Pennsylvania Dept. of Revenue (*Proof of Claim No. 12*) | 2 | $40.84 | To be paid in full after the payment of Class 1 secured claims and administrative claims. |
| Crawford County (*Proof of Claim No. 14*) | 2 | $540.00, in addition to interest, penalties, and all taxes assessed for 2014 and 2015 | To be paid in full after the payment of Class 1 secured claims and administrative claims |
| Conneaut School District (*Proof of Claim No. 13*) | 2 | $20,003.27, in addition to interest, penalties, and all taxes assessed for 2014 and 2015 | To be paid in full after the payment of Class 1 secured claims and administrative claims |
| Sadsbury Township | 2 | Unknown (This figure will represent all taxes assessed for the year 2014 and 2015.) |  |
| Summit Township | 2 | Unknown (This figure will represent all taxes assessed for |  |

---

[6] The Plan Administrator reserves, and shall have, the right to object to any and all priority claims, regardless of whether the Debtor has listed said claims as disputed, contingent or unliquidated.

| Name of Creditor | Class | Amount Claimed | Summary of Proposed Treatment |
|---|---|---|---|
| | | the year 2014 and 2015.) | |
| **TOTAL** | | **$20,584.11, in addition to all taxes assessed for 2014 and 2015** | |

9.      Treatment of General Unsecured **Non-Tax** Claims

## GENERAL UNSECURED NON-TAX CLAIMS[7]

| Name of Creditor | Class | Total Amount Claimed |
|---|---|---|
| See Summary of Unsecured Claims attached as Exhibit B to be paid in full, in cash, to the extent funds are available following payment of Class 1 Claims, Administrative Claims, and Class 2 Claims | 3 | $2,728,506.87 (See Footnote No. 4 regarding the Harris Claim) |
| | | |
| **TOTAL** | | **$2,728,506.87** |

10.      Treatment of General Unsecured **Tax** Claims

## GENERAL UNSECURED TAX CLAIMS

| Name of Creditor | Class | Total Amount Claimed | Percent of Dividend |
|---|---|---|---|
| Pennsylvania Dept. of Revenue (*Proof of Claim No. 12)* | 3 | $1.23 | 100% |
| | | | |
| **TOTAL** | | **$1.23** | |

---

[7] The Plan Administrator reserves, and shall have, the right to object to any and all general, unsecured claims, regardless of whether the Debtor has listed said claims as disputed, contingent or unliquidated.

11.    Treatment of Equity Interests and Claims

## EQUITY INTERESTS AND CLAIMS

| Name of Interest Owner or Claimant | Class | Total Amount Claimed | Percent of Dividend |
|---|---|---|---|
| The Debtor, The Trustees of Conneaut Lake Park, Inc., is a Pennsylvania non-profit corporation and no membership interests have ever been issued. The Plan proposes to terminate the existence of the Trustees of Conneaut Lake Park, Inc., a Pennsylvania non-profit corporation.  Upon dissolution, any remaining assets of Trustees of Conneaut Lake Park, Inc. shall be distributed in accordance with the bylaws of Trustees of Conneaut Lake Park, Inc. and the Cy Pres Doctrine. | | | 0% |
| **TOTAL** | | **0** | |

12.    Will Periodic Payments be made to unsecured creditors?

☒ Yes     ☐ No

*The Plan proposes to liquidate all or substantially all of the Debtor's assets and distribute cash to the various classes of creditors to the extent cash is available.*

*Pursuant to the Plan, the Ad Hoc Committee proposes to conduct an orderly liquidation of all or substantially all of the Debtor's assets over a period of time expected to end in 2016.  The Ad Hoc Committee intends to retain Lawrence C. Bolla, Esquire to function as the Plan Administrator under the Plan.  The completion of the orderly liquidation will allow the Plan Administrator to pursue claims on behalf of the Estate, minimize claims against the Estate, and maximize the value of the Estate to distribute the funds to creditors in accordance with the terms of the Plan.*

State source of funds for planned payments, including funds necessary for capital replacement, repairs, or improvements:

*The Class 1 Secured Claims, the Class 2 Priority Claims, and the Class 3 General Unsecured Claims shall be paid to the extent funds are available from the following:*

*(a)    The sale of all or substantially all of the assets of the Debtor to the highest bidder(s) at public liquidation sales and/or auctions.*

*(b)    The recovery of claims and causes of action to be filed by the Plan Administrator on behalf of the Estate.*

*Other significant features of the Plan:*

*I. As soon as practical after the effective date of the Plan, the Plan Administrator will file the appropriate pleading with the Bankruptcy Court for the application of the Cy Pres Doctrine, which will seek an Order a) terminating or substantially altering the charitable use restriction on the Debtor's real property; and b) to the extent funds are available after the payment of Class 1, 2, and 3 Claims and Administrative Claims, authorizing the Plan Administrator to apply those funds to other charitable interests in Crawford County, all of which would be in accordance with the Cy Pres Doctrine and pursuant to Court Order.*

*II. The Plan proposes to reject and terminate all executory contracts and residential leases that the Debtor currently has with various seasonal cottage residents, all of which are identified on Schedule G and Amended Schedule G of the Debtor's Schedules and further identified and attached hereto as Schedule A. The Plan proposes to convey the terminated leasehold interest to the existing tenants at substantially reduced market value.*

Include any other information necessary to explain this plan:  *N/A*

## V.     Comparison of Plan with Chapter 7 Liquidation

*If the proposed Plan is not confirmed, the potential alternatives would include a proposal of a different Plan, dismissal of the case, or conversion of the case to Chapter 7.  If this case is converted to Chapter 7, a Chapter 7 Trustee will be appointed to liquidate the Debtor's assets and will be entitled to a significant statutory fee, which would be paid in full before any distribution is made to other claimants.*

*Pursuant to the terms of the Plan, the Plan Administrator will conduct an orderly liquidation of the Debtor's assets over a period expected to end in 2016.  The Ad Hoc Committee intends to retain Lawrence C. Bolla, Esquire, to function as the Plan Administrator.  Attorney Bolla has very substantial experience in this area and will be able to maximize recovery to the estate.*

*Additionally, the Plan allows the Plan Administrator to investigate and object to claims if appropriate. It is likely that keeping the estate from being quickly terminated (allowing it to be liquidated in a more "controlled and orderly fashion") could positively affect the negotiations with several large creditors resulting in a substantial reduction of their claim.*

*In the event of conversion of the case to Chapter 7, all secured claims and priority claims, including all expenses of administration, must be paid in full before any distribution is made to unsecured creditors.*

Calculation of funds available if case converted to Chapter 7.

| | |
|---|---:|
| Total Value of Chapter 7 Estate (See Section III) (Comprised of Real Property, Proceeds of Fire Insurance Litigation, and Personal Property, including, but not limited to, Amusement Park Rides and Cash on Hand) | *$6,819,422.00e\** *Less unidentified depreciation, plus any proceeds received from the sale of leased Real Estate; plus any recoveries from avoidance actions (amounts are unknown at this time).* |
| 1. Less Secured Claims (See IV-3) | *$3,113,319.63,* *Plus additional amounts due to Crawford County, Conneaut School District, Summit Township, and Sadsbury Township for principal, interest, allowed fees* |
| 2. Less Administrative Expenses (See IV-5) and include approximate Chapter 7 Expenses | *$509,832.66e* |
| 3. Less other Priority Claims (See IV-4) | *$20,584.11,* *plus assessed taxes for 2014 and 2015* |
| Total Amount Available for Distribution to Unsecured Creditors | *$3,175,685.60\** |
| Amount to be divided by total allowable unsecured claims of (See Section II C) | *$2,728,508.10* |
| Percentage of Dividend to Unsecured Creditors | *100%\** |

Will the creditors fare better under the Plan than they would in a Chapter 7 liquidation?

$\boxtimes$ Yes     No

Explain:  \* These amounts assume a valuation of the Debtor's Real Property at $2,955,000.00. Said valuation is contingent upon having the charitable use restriction removed upon application to this Court.  It is believed that, in the event of a conversion to Chapter 7, any trustee appointed may not have the desire or means to undertake the filing of such litigation.  Such circumstances would represent a significant devaluation of the Chapter 7 Estate, and thereby a lesser dividend to unsecured creditors.

## VI.   **Feasibility**

*Since this is a Plan of orderly liquidation, the Plan is by definition feasible. Under the Plan, the Plan Administrator will file tax returns and collect all remaining income tax receivables, if any, liquidate all remaining assets, and pursue claims and causes of action and distribute the proceeds of these activities to the creditors in the order of their priority.  The Plan Administrator will also attempt to negotiate lower claim amounts with several large creditors.*

Estimated amount to be paid on effective date of Plan, including administrative expenses

*$ - 0.00 -*

Show how this amount was calculated.

| | |
|---|---|
| *$0.00* | *Administrative Class* |
| *0.00* | *Taxes* |
| *0.00* | *Unsecured Creditors* |
| *0.00* | *UST Fees for Quarter* |
| *$0.00* | *TOTAL* |

What assumptions are made to justify the increase in cash available for the funding of the Plan?

*This is a liquidating Chapter 11 and all or substantially all of the assets of the Debtor will be liquidated in order to provide enough cash to pay the Class 1 through 3 Claims and the Administrative Claims.*

Will funds be available in the full amount for administrative expenses on the effective date of the Plan? *No*   From what source?

If not available, why not and when will payments be made?

*Administrative expenses will be paid in full under the Plan following the payment in full of all secured claims from the sale of the Debtor's assets.*

If this amount is less than the amount necessary at confirmation, how will Debtor make up the shortfall?

*Recovery of funds from pursuit of tax refunds and/or Chapter 5 claims.*

**VII.   Identify the Effect on Plan Payments and Specify Each of the Following:**

1.   What, if any, Litigation is pending?

*Park Restoration, LLC vs. Erie Insurance Exchange; Summit Township, a municipal corporation; The Trustees of Conneaut Lake Park, a charitable trust; and Crawford County, a political subdivision; The Tax Claim Bureau of Crawford County; and The Conneaut School District:  Fire Insurance Proceed action which, pre-petition, was pending in the Crawford County Court of Common Pleas, but which has been removed to this Court at Adversary Proceeding No. 15-1010 JAD.*

2.   What, if any, Litigation is Proposed or Contemplated?

*The Plan Administrator intends to investigate and prosecute any and all of the Debtor's Estate litigation, which includes without limitation:*

*1) Preference actions under Section 547 of the Bankruptcy Code against those parties receiving payments from the Debtor within 90 days or one year prior to the petition date.*

*2)  Fraudulent Conveyance Claims under Section 548 of the Bankruptcy Code against those parties receiving distributions without consideration within two years prior to the date of the filing of the Plan.*

*3)  Any and all claims and causes of actions including, but not limited to claims for unpaid accounts receivable, breach of contract, contribution, indemnification, fraudulent transfers, and/or re-characterization/equitable subordination, among other claims currently unknown to the Plan Administrator that the Debtor may have against any individuals and/or entities.*

*4)  All claims and causes of action disclosed in the Debtor's Schedules and Statement of Financial Affairs which are incorporated herein by reference.*

*5)  Any and all claims or causes of action that the Debtor holds pre-confirmation, including but not limited to claims for unpaid accounts receivable, breach of contract, contribution, indemnification, and fraudulent transfer which will vest or re-vest in the reorganized Debtor except as otherwise provided in this Plan.*

**VIII.   Certification**

The undersigned hereby certifies that the information herein is true and correct to the best of my knowledge and belief formed after reasonable inquiry.

Dated:  October 15, 2015

Respectfully submitted,

QUINN, BUSECK, LEEMHUIS, TOOHEY & KROTO, INC.

By:      */s/Lawrence C. Bolla*_____
Lawrence C. Bolla, Esq.
Pa. I.D. No. 19679
Michael P. Kruszewski, Esq.
Pa. I.D. No. 91239
2222 West Grandview Boulevard
Erie, PA  16506-4508
(814) 833-2222
Attorneys for Unofficial (Ad Hoc) Committee of Real Estate Tax Creditors of Trustees of Conneaut Lake Park, Inc.

Document #841933, v1

22