UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: | : |
| TRUSTEES OF CONNEAUT LAKE PARK, INC., | : BANKRUPTCY NO. 14-11277 JAD |
|     Debtor. | : |
| | : THE HONORABLE JEFFERY A. DELLER |
| COMMONWEALTH OF PENNSYLVANIA, | : |
|     Movant, | : CHAPTER 11 |
| | : |
| vs. | : RELATED TO DOCUMENT NO. 285 |
| | : |
| THE UNOFFICIAL (AD HOC) COMMITTEE OF | : DATE & TIME OF HEARING: |
| REAL ESTATE TAX CREDITORS OF TRUSTEES OF | : |
| CONNEAUT LAKE PARK, INC., | : NOVEMBER 30, 2015 @ 10:00 A.M. |
|     Respondent. | : |
| | : OBJECTION/RESPONSE DATE: |
| | : |
| | : NOVEMBER 23, 2015 |

**REPLY OF THE UNOFFICAL (AD HOC) COMMITTEE OF REAL ESTATE TAX CREDITORS OF TRUSTEES OF CONNEAUT LAKE PARK, INC. TO THE COMMONWEALTH OF PENNSYLVANIA'S OBJECTION TO DISCLOSURE STATEMENT TO ACCOMPANY PLAN OF ORDERLY LIQUIDATION DATED OCTOBER 15, 2015**

The Unofficial (Ad Hoc) Committee of Real Estate Tax Creditors of Trustees of Conneaut Lake Park, Inc. (the "Committee")[1], by and through its undersigned counsel hereby files this Reply to the Commonwealth of Pennsylvania's Objection to the Disclosure Statement to Accompany Plan of Orderly Liquidation dated October 15, 2015, a statement of which is as follows:

1) The Committee's Disclosure Statement and Plan specifically refer to the fact that once the Plan is confirmed the Plan Administrator will immediately file a Declaratory Judgment action in this Court seeking the termination of the use restriction currently encumbering the Debtor's property.

2) Attached hereto as Exhibit "A" and a made a part hereof is a <u>draft</u> of the Complaint that would be filed by the Plan Administrator once it has standing to do so ("the Complaint").

3) The Complaint cannot be filed by the Plan Administrator until the Plan is confirmed.

---

[1] The Committee consists of Summit Township, Crawford County; Sadsbury Township, Crawford County; Conneaut School District, Crawford County; and the Crawford County Tax Claim Bureau, each of which is a Taxing District.

4) The Complaint would be filed on an expedited basis and it is submitted that this Court would have adequate time before the Debtor's planned reopening of the Park in June, 2016 to decide the matter.

5) It is believed and therefore averred that the Debtor is unwilling to file such a Complaint.

6) The Plan and Disclosure Statement further provide that in the event that the prayer for relief sought in the Complaint is denied and the use restriction remains in place on the property that the secured creditors would have the right to foreclose under their Judgments and/or Mortgages and unsecured creditors would have their right to pursue whatever their claims are in the Crawford County Court of Common Pleas or otherwise.

7) The Commonwealth's reference in Paragraph 7 of their Objection to 11 U.S.C. §1129(a)(16) is misplaced. It is believed and therefore averred that this section relates to a transfer tax issue and to no other "non-bankruptcy state law". Alternatively, 20 Pa.C.S. §7740.3 has codified the cy pres doctrine and is accordingly "non-bankruptcy state law".

8) The Committee is well aware of the In Re Property of Bangor Park decision cited in Paragraph 10 of the Commonwealth's Objection.

9) It is submitted that the Bangor decision is approximately 65 years old and should not be interpreted to provide that a charitable trust can incur debts of the size of this Debtor and then rely on a "charitable use restriction" to prevent collection of those debts in either state court or pursuant to a liquidating Plan of Reorganization filed pursuant to 11 U.S.C. §1129.

10) It is submitted that the Court should:

    a) Deny the Commonwealth's Objection;

    b) Approve the Committee's Disclosure Statement;

    c) Approve the Debtor's Disclosure Statement;

    d) Direct that the Debtor and the Committee meet and confer to determine the best manner in which to disseminate the competing Plans, Disclosure Statements, and Ballots to the Creditors;

e) Schedule a hearing as soon practicable for the approval of either the Debtor's Plan or the Committee's Plan and permit the Creditors to vote on which Plan they desire to accept.

Respectfully submitted,

QUINN, BUSECK, LEEMHUIS, TOOHEY & KROTO, INC.

BY: /s/Lawrence C. Bolla
Lawrence C. Bolla, Esquire
PA Id. No. 19679
2222 West Grandview Boulevard
Erie, Pennsylvania  16506-4508
Telephone: 814-833-2222
Facsimile: 814-833-6753
lbolla@quinnfirm.com
Counsel for The Unofficial (Ad Hoc) Committee of Real Estate Tax Creditors

#905603

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: | : |
| TRUSTEES OF CONNEAUT LAKE PARK, INC., | : BANKRUPTCY NO. 14-11277 JAD |
|     Debtor. | : |
| | : THE HONORABLE JEFFERY A. DELLER |
| COMMONWEALTH OF PENNSYLVANIA, | : |
|     Movant, | : CHAPTER 11 |
| | : |
| vs. | : RELATED TO DOCUMENT NO. 285 |
| | : |
| THE UNOFFICIAL (AD HOC) COMMITTEE OF | : DATE & TIME OF HEARING: |
| REAL ESTATE TAX CREDITORS OF TRUSTEES OF | : |
| CONNEAUT LAKE PARK, INC., | : NOVEMBER 30, 2015 @ 10:00 A.M. |
|     Respondent. | : |
| | : OBJECTION/RESPONSE DATE: |
| | : |
| | : NOVEMBER 23, 2015 |

## CERTIFICATE OF SERVICE

I, the undersigned, certify that I served, or caused to be served, on the 25th day of November, 2015, a copy of the Reply of the Unofficial (Ad Hoc) Committee of Real Estate Tax Creditors of Trustees of Conneaut Lake Park, Inc. to the Commonwealth of Pennsylvania's Objection to Disclosure Statement to Accompany Plan of Orderly Liquidation dated October 15, 2015 upon each of the following persons and parties in interest at the address shown on the attached list.

        Respectfully submitted,

        QUINN, BUSECK, LEEMHUIS, TOOHEY & KROTO, INC.

BY:    /s/Lawrence C. Bolla
        Lawrence C. Bolla, Esquire
        PA Id. No. 19679
        2222 West Grandview Boulevard
        Erie, Pennsylvania 16506-4508
        Telephone: 814-833-2222
        Facsimile: 814-833-6753
        E-Mail Address: lbolla@quinnfirm.com
        Counsel for The Unofficial (Ad Hoc)
        Committee of Real Estate Tax Creditors

Trustees of Conneaut Lake Park, Inc.
Chapter 11 Bankruptcy
Case No. 14-11277 JAD
Service List

The following parties have received notification of the filing via the CM/ECF System and will not receive a paper copy of the filing:

| |
|---|
| Jeanne S. Lofgren, Esquire, Counsel to Trustees of Conneaut Lake Park, Inc., jlofgren@stonecipherlaw.com |
| Office of the United States Trustee, ustpregion03.pi.ecf@usdoj.gov |
| Nicholas R. Pagliari, Esquire, Counsel to Joseph Prischak, npagliari@mijb.com, sburick@mijb.com; amayes@mijb.com |
| George T. Snyder, Esquire, Counsel to Trustees of Conneaut Lake Park, Inc., gsnyder@stonecipherlaw.com |
| Heather A. Sprague, Esquire, Office of the U.S. Trustee; Heather.Sprague@usdoj.gov, Lisa.Geyer@usdoj.gov; Kathleen.Nichols@usdoj.gov; Lisa.Geyer@usdoj.gov;Kathleen.Nichols@usdoj.gov;Jennifer.M.Smith@usdoj.gov; David.A.Berry@usdoj.gov; Steven.W.Albright@usdoj.gov |
| Lawrence C. Bolla, Esquire, Counsel to Unofficial (Ad Hoc) Committee of Real Estate Tax Creditors, lbolla@quinnfirm.com; knottingham@quinnfirm.com; mboni@quinnfirm.com |
| Michael P. Kruszewski, Esquire, Counsel to Unofficial (Ad Hoc) Committee of Real Estate Tax Creditors; lbolla@quinnfirm.com; knottingham@quinnfirm.com; mboni@quinnfirm.com |
| Janet Burkardt, Esquire; Counsel to Crawford County; jburkardt@wbklegal.com; tstadterman@wbklegal.com |
| Guy C. Fustine, Esquire; (Conneaut Lake Joint Municipal Authority); mwernick@kmgslaw.com; knoxbank@hotmail.com; burban@kmgslaw.com; mpol@kmgslaw.com |
| John F. Kroto, Esquire; (Conneaut Lake Joint Municipal Authority); jkroto@kmgslaw.com; mwernick@kmgslaw.com; knoxbank@hotmail.com; burban@kmgslaw.com |
| Francis R. Murrman, Esquire; (Counsel to Park Restoration LLC) FRMurrman@aol.com; MLMurrman@aol.com |
| John P. Vetica, Jr., Esquire; (Counsel to Penelec) jveticajr@algxmail.com |
| Peter Acker, Esquire; (Counsel to First Capital Finance, Inc.) peter@ackerlegalgroup.com |
| Angela N. Erde, Esquire; (Counsel to Pa. Dept. of Environmental Protection) aerde@pa.gov; jbutryn@pa.gov |
| Norman E. Gilkey, Esquire; (Mediator) ngilkey@bccz.com |
| Anthony T. Kovalchick, Esquire; (Office of the Attorney General of Pennsylvania) akovalchick@attorneygeneral.gov |
| John F. Mizner, Esquire; (Counsel to Park Restoration, LLC) jfm@miznerfirm.com; jmk@miznerfirm.com |
| Michael Kaminski, Esquire; (Counsel to Fisher Fire Protection) mkaminski@bglaw-llp.com; ktosadori@bglaw-llp.com |

The following parties were served via First Class Mail, Postage Pre-Paid:

| | |
|---|---|
| US Foods, INC.<br>c/o Bryan Cave LLP<br>161 N. Clark Street<br>Suite 4300<br>Chicago, IL 60601 | Shafer Law Firm<br>890 Market Street<br>Meadville, PA  16335 |

2

| | |
|---|---|
| Russell R. Johnson, III, Esquire<br>Law Firm of Russell R. Johnson, III, PLC<br>Counsel to Penelec<br>2258 Wheatlands Drive<br>Manakin-Sabot, VA  23103 | Gary Harris<br>440 High Street<br>Fairport Harbor, OH  44077 |
| Randy G. Kreider<br>1211 Park Avenue<br>Meadville, PA  16335 | Passport Realty LLC<br>240 West 11th Street<br>Suite 100<br>Erie, PA 16501 |
| Porter Consulting Engineers, P.C.<br>552 State Street<br>Meadville, PA  16335 | |