IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | In Proceedings for a Reorganization |
| | ) | Under Chapter 11 |
| TRUSTEES OF CONNEAUT LAKE | ) | |
| PARK, INC., | ) | Case No. 14-11277-JAD |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |
| | ) | Document No. 299 |
| | ) | |
| | ) | Related to Document Nos. 255 and |
| | ) | 264 |
| | ) | |
| | ) | Hearing Date and Time: |
| | ) | To be Determined by |
| | ) | the Court |

## CONSENT ORDER OF COURT AMONG THE PROPOSED MEDIATOR AND CERTAIN PARTIES-IN-INTEREST

AND NOW, this 17th day of December, 2015, the Court hereby approves this Order of Court as consented to by Norman E. Gilkey, Esquire (the "Proposed Mediator") and the following parties-in-interest to this Chapter 11 case, being the Debtor, the Unofficial (ad hoc) Committee of Real Estate Tax Creditors of the Debtor (the "Tax Creditors"), the Conneaut Lake Joint Municipal Authority (the "Authority"), the Commonwealth of Pennsylvania, as parens patriae (the "Commonwealth" and, together with the Debtor, the Tax Creditors and the Authority, the "Parties") on terms as follows:

1. On October 16, 2015, at Document Nos. 254 and 255, respectively, the Tax Creditors filed a Disclosure Statement to Accompany Plan of Orderly Liquidation dated October

{B2371775.1}

15, 2015 (the "Tax Creditors' DS") and a Plan of Orderly Liquidation (the "Tax Creditors Plan").

2. On October 16, 2015, the Debtor filed at Document Nos. 258 and 259, respectively, its Amended Disclosure Statement (the "Debtor's DS") and its Second Amended Chapter 11 Plan (the "Debtor's Plan").

3. The Parties filed various Objections to the Tax Creditors' DS and/or to the Debtor's DS, as such Objections appear at Document Nos. 280, 281, 284, 285, 287, 288, 292, 293, and 294. All of the aforementioned Objections are hereinafter collectively referred to as the "DS Objections."

4. On November 30, 2015, the Court held a hearing on the DS Objections (the "November 30 Hearing") and entered Orders at Document Nos. 297 and 298, respectively, requiring that the Tax Creditors and the Debtor file further amended Disclosure Statements and Plans within sixty (60) days thereafter, being no later than January 29, 2016 (the "New Plan Deadline").

5. At the November 30 Hearing, the Court directed the Parties to Mediation.

6. The Parties have requested the Proposed Mediator to serve and the Proposed Mediator has agreed to do so, subject to the approval of this Court, which approval will be granted upon the Court entering this Consent Order, after which the Proposed Mediator shall automatically be deemed to be the Court-appointed Mediator.

7. The Mediator shall charge $375 per hour for his services, to be invoiced on a monthly basis. Although the Mediator has advised the Parties that his hourly rate for all but consumer bankruptcy Mediations will be increasing to $400 per hour as of January 1,

2016, the Mediator has agreed to not increase his rate for the Mediation services contemplated by this Consent Order.

8. The Mediator's fees shall be borne in four (4) equal shares by all of the Parties unless otherwise agreed by the Parties and the Mediator. Provided it concurs with the Mediator's charges, the Debtor may pay up to a $3,000 share of the Mediator's fees without further Order of Court. Any fees to be paid by the Debtor in excess of that amount shall be subject to approval by this Court, even if the Debtor concurs with them. The other three (3) Parties shall pay their shares of the Mediator's fees (up to $3,000.00 each) without further Order. Notwithstanding, disputes or non-payment situations as to the Mediator's fees, if any, shall be brought to the Court's attention if they cannot be resolved by one or more of the applicable Parties and the Mediator. If the Mediator later determines that his fees may exceed a total of $12,000.00, the Mediator, after consulting with the Parties, shall seek further authority from this Court prior to continuing with the Mediation process.

9. The Parties have agreed to attempt to schedule a Mediation Session, to be held at a location to be determined, for a day during the last week of January, 2016 or the first week of February, 2016. The Mediation process and the Session shall be conducted in accordance with the Local Rules of this Court and this Consent Order. Prior to the Session, the Parties will communicate with the Mediator as reasonably requested and provide to the Mediator whatever pre-Session confidential reports, statements or otherwise may be requested by the Mediator. The Parties shall be personally present for the Session.

10. The Parties acknowledge their understanding that the primary goal of the Mediation process will be to determine if the Parties, with the assistance of the Mediator, can formulate a consensual Plan of Reorganization and/or Liquidation by or for the Debtor (the "Agreed Plan"). Incident thereto, the Mediator has advised the Parties that, prior to the Session, he intends to confer privately and confidentially with each of the Parties and their counsel for background purposes and to explore the potential terms for achieving an Agreed Plan. The Mediator has volunteered to not charge for travel time if any of such preliminary meetings are conducted face-to-face outside of Pittsburgh. The Court directs the Parties and their counsel to cooperate with the Mediator as to these efforts, including by making business representatives reasonably available to the Mediator.

11. Given the likely date for a Session, the Court hereby continues from January 29, 2016 to February 29, 2016, the New Plan Deadline, with the Debtor and/or the Taxing Creditors having the right to request a further continuance at any time during the Mediation process, for cause shown.

12. When the Mediator determines in his sole discretion that the Mediation is concluded, with or without a resolution, the Mediator shall within five (5) days thereafter file with this Court all required Reports.

_____ jsf
Jeffery A. Deller
Chief United States Bankruptcy Judge

FILED
12/17/15 9:36 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

{B2371775.1}

Consented to on December 16, 2015 by:


/s/ George T. Snyder
George T. Snyder, Esquire
Counsel to the Debtor


/s/ Lawrence C. Bolla
Lawrence C. Bolla, Esquire
Counsel to the Taxing Creditors


/s/ Guy C. Fustine
Guy C. Fustine, Esquire
Counsel to the Authority


/s/ Gene J. Herne
Gene J. Herne, Esquire
Counsel to the Commonwealth of Pennsylvania


/s/ Norman E. Gilkey
Norman E. Gilkey, Esquire
Mediator