# EXHIBIT A

# HOTEL CONNEAUT
# LEASE AGREEMENT

This agreement, notwithstanding the date of signature, is effective the 1st day of January, 2016, between **TRUSTEES OF CONNEAUT LAKE PARK, INC.**, hereinafter called Lessor, and **ON THE LAKE ENTERPRISES, LLC,** hereinafter called Lessee.

Lessor does hereby demise and let unto Lessee all that certain real property together with the improvements thereon described in Exhibit A attached hereto and incorporated herein by reference thereto.  Lessor further does hereby demise and let unto Lessee all that certain personal property described in Exhibit B attached hereto and incorporated herein by reference thereto. The real and personal property shall be used as described below and for no other purpose.  The term of this lease shall begin on the 1st day of January, 2016 and end on the 31st day of December, 2016.  Subject to the approval of the Lessor, such approval not to be unreasonably withheld, Lessee shall have the right to exercise four additional one-year option terms. Upon certification of the Lessor's plan of reorganization by the US Bankruptcy Court, Lessee may, at its option, extend the term of this agreement to December 31, 2020.

The rent shall be payable in monthly installments and shall be based upon 12.5% of all gross revenues (revenues net of sales and use tax, occupancy taxes or other gross receipts taxes or levies) or if greater, the following base minimum amounts: initial term-$20,000, 1st renewal option-$30,000, 2nd renewal option-$40,000, 3rd renewal option-$50,000, and 4th renewal option-$60,000. One half of the base minimum amount shall be due of March 1st of each year. In the event that 12.5% of gross revenues have not exceeded the base annual minimum by October 1st the balance of the base minimum amount shall be immediately due. Lessee shall receive a credit against the base minimum amount remitted of 12.5% of gross revenues as defined herein each month until such time as 12.5% of accumulated gross revenues exceed the base minimum amount paid. Upon expiration of the credit, Lessee shall timely remit rent payments based upon 12.5% of gross revenues to the Lessor. All rental payments are due on the first of the month and shall be based upon gross revenues generated in the prior 30 day period.

Lessor and Lessee agree that timely payment of the rental and performance of all terms and conditions of this lease agreement

1

is of the essence.  If the monthly rental shall not have been paid by the 10th of the month when the rental shall have been due, then lessee agrees to pay the late charge of $25.00 per day for each day after the 10th of the month that Lessee does not pay said rent to compensate Lessor for additional administrative costs, expenses and liquidated damages caused by the late payment.  If payment is made to Lessor at the proper address by first class mail, postage prepaid, then the date of the postmark shall be deemed to be the date of payment.

The time and accelerated manner of payment of the rental is subject to the right of Lessor to the rent and to enforce collection on the entire unpaid balance of the rental for the remaining term of the lease if lessee shall breach the terms or conditions of this Lease Agreement.

All associated personal property, equipment, furnishings, linens and small wares included in Exhibit B is mutually acknowledged as owned by the Lessor and is included as part of the property subject to this agreement. Lessee shall be solely responsible for the upkeep and replacement of all items included in Exhibit B sufficient so as to maintain both quality and quantity of all personal property included herein. Lessee and Lessor shall jointly conduct an annual inventory of all personal property to ensure compliance with this provision.

    1. *Inability to Give Possession*. Lessor will provide to lessee full access to the demised premises on or before January 1, 2016. If Lessor is unable to give full possession to Lessee by the dates specified herein, Lessee shall have the right, by written notice to Lessor, to declare this lease null and void and shall thereafter have no liability to Lessor hereunder.

    2. *Additional Rent.*

      a) *Damages for Default.* Lessee agrees to pay as rent in addition to the minimum rental any and all sums which may become due by reason of the failure of Lessee to comply with all of the covenants of this lease and any and all damages, costs and expenses which the Lessor may suffer or incur by reason of any default of the Lessee or failure on Lessee's part to comply with the covenants of this lease, and each of them, and also any and all damages to the demised premises caused by any act or neglect of the lessee.

2

(b) *Taxes*. Commencing with the first renewal option, Lessee agrees to pay all taxes assessed or imposed upon the demised premises.

c) *Water Rent.* Lessee further agrees to pay as additional rent all metered charges for water consumed upon the demised premises

d) *Sewer Rent*. Lessee further agrees to pay as additional rent all metered sewer rental or charges for use of sewers, sewage system, and sewage treatment works servicing the demised premises immediately when the same become due.

e) *Other Utilities*. Lessee further agrees to pay as additional rent all metered electric and gas charges for use at the demised premises immediately when the same become due.

(f) *Fire Insurance Premiums*. Lessor agrees to pay all fire insurance premiums upon the demised premises. Lessee agrees to reimburse Lessor for 25% of premiums paid for the 1st and 2nd renewal periods and 50% for the 3rd renewal period and 75% for the 4th renewal period. All such reimbursements shall be due March 1st of each year.

Lessee shall also be responsible for maintaining casualty insurance coverage on Lessee's personalty stored or kept in the demised premises.  Lessee shall at all times during the term of this lease carry public liability insurance covering the demised premises, and lessor's interest in the demised premises which insurance shall insure against liability for personal injury or death and property damage.  Such insurance shall be carried with minimum limits as follows: property damage $1,000,000 and personal injury $1,000,000 per person/per occurrence, or a $1,000,000 single or combined limit policy and said policy shall provide that Lessor is an additional insured.  A copy of said policy of insurance shall be furnished to lessor at the time this lease becomes effective.  The Lessee hereby agrees to defend, indemnify and save the Lessor and any and all assignees hereof harmless from any and all liability whatsoever arising out of injury or damage caused by the negligence, willful conduct or breach of this agreement on the part of Lessee and Lessor hereby agrees to defend, indemnify and save the Lessee harmless from any and all liability whatsoever arising out of injury or damage caused

3

by the negligence, willful conduct or breach of this
agreement on the part of Lessor.

3. *Place of Payment*. All rents shall be payable without
prior notice or demand at the office of Lessor, or at such
other place as Lessor may from time to time designate by
notice in writing.

4. *Affirmative Covenants of Lessee*. Lessee covenants and
agrees that Lessee will perform the following without
demand:

(a) *Payment of Rent.* Pay the rent and all other charges
on the days and times and at the place that they are made
payable, without fail, and if Lessor shall at any time or
times accept the rent or rent charges after they shall have
become due and payable, such acceptance shall not excuse
delay upon subsequent occasions, or constitute or be
construed as a waiver of any of Lessor's rights.  Lessee
agrees that any charge or payment agreed to be treated or
collected as rent and/or any other charges, expenses, or
costs to be paid by the Lessee may be proceeded for and
recovered by the Lessor by process in the same manner as
rent due and in arrears.

(b) *Revenue Reporting*. Provide Lessor with full access
to financial information necessary to independently verify
all revenue generated at the demised premises. Lessee shall
cause to be created a central bank account for the deposit
of all revenues generated at the demised premises and shall
provide Lessor with "view only" access authorization for
this account. Upon request, provide Lessor with access to
daily totals for all cash registers in operation on the
demised premises.

Lessee shall maintain complete financial records in
accordance with generally accepted accounting principles
(GAAP) to enable a review of said records by the Lessor.
Lessee shall produce and submit to Lessor quarterly
financial reports reflecting the Profit and Loss, Cash Flow
and Balance Sheet for Hotel Conneaut operations.

(c) *Cleaning, Repairing, Maintaining, etc.*  Lessee
shall keep the demised premises clean and free from all
ashes, dirt and other refuse matter; replace all glass
windows, doors, etc. that are broken by acts of the Lessee;

4

replace/repair light bulbs and ballasts, including emergency lighting; maintain fire extinguishers; keep all waste drain pipes open; repair all damage to plumbing; repair all damage in general; repair all docks, dock doors, bumpers and shelters; keep the same in good order and repair as they now are, reasonable wear and tear and damage by accidental fire or other casualty not occurring through negligence of Lessee or those employed by or acting for Lessee alone excepted. The Lessee agrees to surrender the demised premises in the same condition in which Lessee has agreed to keep the same during the continuance of this lease, reasonably wear and tear only, excepted.

(d) *Requirements of Public Authorities*. Lessee agrees to comply with any requirements of any of the constituted public authorities, and with the terms of any state or federal statute or local ordinance or regulation applicable to Lessee or Lessee's use of the demised premises, and indemnify Lessor from penalties, fines, costs or damages resulting from failure so to do. Lessee shall secure all required liquor and operating licenses as operator of the Hotel Conneaut.

(d) *Fire.* Lessee shall use every reasonable precaution against fire.

(e) *Surrender of Possession*. Lessee shall peaceably deliver and surrender possession of the demised premises to the Lessor at the expiration or sooner termination of this lease, promptly delivering to Lessor at its office all keys for the demised premises.

(f) *Notice of Fire, etc.* Lessee shall give to Lessor prompt written notice of any accident, fire, or damage occurring on or to the demised premises.

(g) *Agency on Removal*. The lessee agrees that if, with the permission in writing of Lessor, Lessee shall vacate or decide at any time during the term of this lease, or any renewal, to vacate the demised premises, prior to the expiration of this lease, or any renewal, Lessee will not cause or allow any other agent to represent Lessee in any subletting or reletting of the demised premises other than an agent approved by the Lessor and that should Lessee do so or attempt to do so, the Lessor may remove any signs that may be placed on or about the demised premises by such other agent without any liability to Lessee or to the agent, the

5

Lessee assuming all responsibility for such action.

5. *Management.* It is mutually acknowledged that Dr. Frank Flanegin is the exclusive authoritative representative of the Lessee and that he shall personally serve as the managing operator of the Hotel Conneaut. All changes in either the authoritative representative of the Lessee or in the primary management of the Hotel Conneaut shall be approved by the Lessor, such approval not to be unreasonably withheld.

6. *Negative Covenants of Lessee.* Lessee covenants and agrees that:

(a) *Use of Premises.* Lessee shall utilize the demised premises to support general business activities relating to lodging, dining and entertainment, and for hosting and serving banquets and events. Lessee shall not occupy the demised premises in any other manner than those expressed herein. The Lessee shall, at a minimum operate on Friday, Saturday and Sunday from Memorial Day through Labor Day.

No hazardous substances shall be used in, on or around the demised premises unless Lessee shall first notify Lessor in writing of the chemical composition and trade names of said substances and furnish to Lessor the reports required by the Pennsylvania Right to Know Act, and Lessor shall have consented in writing to said use, which consent shall not be unreasonably withheld.  "Hazardous Substances" as used herein shall be defined as those listed from time to time in the United States Code and regulations thereunder, or listed by the Pennsylvania Legislature and regulations thereunder.  Lessee hereby agrees to defend, indemnify and hold Lessor harmless from any claims or charges of any nature from any person or governmental entity or agency arising from the hazardous substances.

(b) *Assignment and Subletting.* Lessee shall not assign, mortgage or pledge this lease or underlet or sublease the demised premises, or any part of it, or permit any other person, firm or corporation to occupy the demised premises, or any part of it; nor shall any assignee or sublessee assign, mortgage or pledge this lease or such sublease, without an additional written consent by the Lessor, and without consent no assignment, mortgage or pledge shall be valid, which consent shall not be unreasonably withheld. Lessor reserves the right to lease

6

unoccupied areas of the property traditionally utilized to support "Ghost Lake at Conneaut Lake Park" from September 15th through November 1st of each year. Lessor pledges its best effort to insure that Lessee's operations are not adversely affected by such lease.

(c) *Signs.*  Lessee shall not place or allow to be placed and stand, a booth, sign or show case upon the doorsteps, vestibules or outside walls or pavements of the premises, or paint, place, erect or cause to be painted, placed or erected any sign, projection or device on or in any part of the premises without the written permission of the Lessor, which permission shall not be unreasonably withheld.  Lessee shall remove any sign, projection or device painted, placed or erected, if permission has been granted and restore the walls, etc., to their former conditions, at or prior to the expiration of this lease.  In case of the breach of this covenant (in addition to all other remedies given to Lessor in case of the breach of any conditions or covenants of this lease) Lessor shall have the privilege of removing the stand, booth, sign, showcase, projection or device, and restoring the walls, etc., to their former condition, and Lessee, at Lessors option, shall be liable to Lessor for any and all expenses so incurred by Lessor.  Lessee shall also be responsible for reimbursing Lessor for any costs related to adding Lessee's name to any standard Conneaut Lake Park signs or directories.

(d) *Alterations, Improvements.*  Lessee shall not make any alterations, improvements, or additions to the demised premises without first securing authorization of Lessor. All building alterations, improvements and additions or fixtures whether installed before or after the execution of this lease, shall remain upon the premises at the expiration or sooner termination of this lease and become the property of Lessor, unless Lessor shall, prior to the termination of this lease, have given written notice to Lessee to remove such alterations, improvements and additions and restore the premises to the same good order and condition in which they now are.  Should Lessee fail to do so, Lessor may do so, collecting, at Lessor's option, the cost and expense from Lessee as additional rent.

(e) *Machinery.*  Lessee shall not use or operate any machinery that, in Lessor's opinion, is harmful to the

building.

(f) *Weights*.  Lessee shall not place any weights in any portion of the demised premises beyond the safe carrying capacity of the structure.

(g) *Fire Insurance*.  Lessee shall not do or allow to be done, any act, matter or thing objectionable to the fire insurance companies so that the fire insurance or any other insurance now in force or hereafter to be placed on the demised premises, or any part of it, or on the building of which the demised premises may be a part, shall become void or suspended, or whereby the same shall be rated as a more hazardous risk than at the date of execution of this lease, or employ any person or persons objectionable to the fire insurance companies or carry or have any benzene or explosive matter of any kind in and about the demised premises.  In case of a breach of this covenant (in addition to all other remedies given to Lessor in case of the breach of any of the conditions or covenants of this lease) Lessee agrees to pay to Lessor as additional rent any and all increase or increases of premiums on insurance carried by Lessor on the demised premises, or any part of it, or on the building of which the demised premises may be a part, caused in any way by the occupancy of Lessee.


7. *Lessor's Rights*.  Lessee covenants and agrees that Lessor shall have the right to do the following things and matters in and about the demised premises:

(a) *Inspection of Premises*.  At all reasonable times, the Lessor or its duly authorized agents may go upon and inspect the demised premises and every part of it, and/or at its option to make repairs, alterations and additions to the demised premises or the building of which the demised premises is a part.

(b) *Rules and Regulations*.  At any time or times and from time to time the Lessor may make such rules and regulations as may from time to time be necessary for the safety, care and cleanliness of the premises, and for the preservation of good order.  Such rules and regulations shall, when notice is given to Lessee, form a part of this lease. PROVIDED, HOWEVER, if Lessor's exercise of its right under this subparagraph significantly limits Lessee's ability to operate, Lessee may, at Lessee's sole option,

8

declare this lease terminate without further liability, by giving Lessor 60 days written notice.

(c) *Sale or Rent Sign-Prospective Purchasers or Tenants.* Lessor may display a "For Sale" sign after notice from either party of intention to terminate this lease, or at any time within three months prior to the expiration of this lease, a "For Rent" sign, or both "For Rent" and "For Sale" signs; and all of the signs shall be placed upon such part of the premises as Lessor shall require. Prospective purchasers or tenants authorized by Lessor may inspect the premises at reasonable hours at any time.

(d) *Discontinue Facilities and Service*. The Lessor may discontinue all facilities furnished and services rendered by Lessor, not expressly covenanted for, it being understood that they constitute no part of the consideration for this lease. PROVIDED, HOWEVER, if Lessor's exercise of its right under this subparagraph significantly limits Lessee's operations, Lessee may, at Lessee's sole option, declare this lease terminate without further liability, by giving Lessor 60 days written notice.

(e) *Use of Facilities*. The Lessor may, with the consent of Lessee, which consent shall not be unreasonable withheld, utilize, at no cost, the demised premises from time to time for the conduct of official business.

8. *Responsibility of Lessee.*

a) *Damage to person or property*. Lessee agrees to be responsible for and to relieve and hereby relieves the Lessor from all liability by reason of any injury to any person or property in the demised premises, whether belonging to the Lessee or any other person, caused by any fire, breakage or leakage in any part or portion of the demised premises, or any part or portion of the building of which the demised premises is a part, or from water, rain or snow that may leak into, issue or flow from any part of the said premises, or of the building of which the demised premises is a part, from the drains, pipes, or plumbing work of the same, or from any place or quarter, whether such breakage, leakage, injury or damage be caused by or result from the negligence of Lessor or its guests, servants, or agents or any other person or persons.

9

Lessee also agrees to be responsible for and to relieve and hereby relieves Lessor from all liability by reason of age or injury to any person or thing which may arise from or be due to the use, misuse or abuse of all or elevators, hatches, openings, stairways, hallways of any kind which may exist or hereafter be erected or constructed on the premises, or from any kind of injury which may be caused on the premises or of which the demised premises is a part, whether such damage, injury, use, misuse or abuse be caused by or result from the negligence of Lessor, its guests, servants or agents or any other person or persons.

9. *Responsibility of Lessor.*

(a) *Total Destruction of Premises.* In the event that the demised premises is totally destroyed or so damaged by fire or other casualty not occurring through fault or negligence of the Lessee or those employed by or acting for Lessee, that the same cannot be repaired or restored within a reasonable time, this lease shall absolutely cease and determine, and the rent shall abate for the balance of the term.

(b) *Partial Destruction of Premises.* If the damage caused as above is only partial and such that the premises can be restored to their original condition within a reasonable time (which shall not, in the absence of Lessee's approval, exceed 30 days), the Lessor may, at its option, restore the same with reasonable promptness, reserving the right to enter upon the demised premises for that purpose. The Lessor also reserves the right to enter upon the demised premises whenever necessary to repair damage caused by fire or other casualty to the building of which the demised premises is a part, even though the effect of such entry is to render the demised premises or a part of it untenantable. In either event the rent shall be apportioned and suspended during the time the Lessor is in possession, taking into account the proportion of the demised premises rendered untenantable and the duration of the Lessor's possession. If a dispute arises regarding the amount of rent due under this clause, Lessee agrees to pay the full amount claimed by lessor. Lessee shall, however, have the right to proceed by law to recover the excess payment, if any.

10

(c) *Repairs by Lessor.*  Lessor shall make such election to repair the premises or terminate this lease by giving notice to Lessee at the leased premises within 30 days from the day Lessor received notice that the demised premises had been destroyed or damaged by fire or other casualty.

(d) *Damage for Interruption of Use.*  Lessor shall not be liable for any damage, compensation or claim by reason of inconvenience or annoyance arising from the necessity of repairing any portion of the building, the interruption in the use of the premises, or the termination of this lease by reason of the destruction of the premises.

(e) *Representation of Condition of Premises.*  Except as setforth in this Lease, the lessor has let the demised premises in their present condition and without any representations on the part of the Lessor, its officers, employees, servants and/or agents.  It is understood and agreed that Lessor is under no duty to make repairs or alterations at the time of letting or at any time thereafter.

(f) Zoning - Lessor hereby warrants and certifies to Lessee that the use of the Premises for lodging, dining and entertainment is permissible under all applicable zoning rules and regulations. Should this warranty prove to be incorrect, Lessee shall have the right to terminate this lease immediately without further liability.

(g) Quiet Enjoyment-   Lessor covenants and agrees that if Lessee shall perform all of the covenants and agreements herein stipulated to be performed on Lessee's part, Lessee shall at all times during said term have peaceable and quiet enjoyment and possession of said premises without any manner of hindrance from Lessor or any person or persons claiming through Lessor.

(h) Lessor's Maintenance- Lessor shall keep and maintain the roof and all major exterior structural portions of the demised premises, including the exterior sewer and exterior electrical lines, in good condition and repair during the term of this lease.  Lessor shall maintain all related mechanical systems. It shall also be Lessor's obligation to make all necessary repairs to the sidewalks about said premises and to the parking and access areas as well as remove all snow and ice so as to allow normal operations of Lessee's business. Lessor shall perform all

11

lawn maintenance.

(i) Lessee's Access- Lessor shall be required to ensure that Lessee has, at all times, full access to the premises to enable Lessee to utilize said premises for the purposes of this lease, which shall include but not be limited to the maintenance of all present vehicular and pedestrian easements and full access for shipping and receiving of materials and products and all parking needed for Lessee's employees, agents and guests.

10. *Miscellaneous Agreements and Conditions.*

(a) *Waiver of Custom.* It is hereby covenanted and agreed that notwithstanding any law, usage or custom, Lessor shall have the right at all times to enforce the covenants and provisions of this lease in strict accordance with its terms, notwithstanding any conduct or custom on the part of the Lessor in refraining from so doing at any time or times; and, further, that the failure of Lessor at any time or times to enforce its rights under these covenants and provisions strictly in accordance with the same shall not be construed as having created a custom in any way or manner contrary to the specific terms, provisions and covenants of this lease or as having in any way or manner modified the same.

(b) *Conduct of Lessee.* This lease is granted upon the express condition that Lessee and/or the occupants of the premises herein leased, shall not conduct themselves in a manner which the Lessor in its reasonable opinion deems improper or objectionable, and that if at any time during the term of this lease or any extension or continuation, Lessee or any occupier of the premises shall have conducted himself, herself or themselves in a manner which Lessor in its reasonable opinion deems improper or objectionable, Lessee shall be taken to have broken the covenants and conditions of this lease, and Lessor will be entitled to all the rights and remedies granted and reserved in this agreement, for the Lessee's failure to observe any of the covenants and conditions of this lease. PROVIDED, HOWEVER, before Lessor has the right to declare a breach of any covenant under this sub-paragraph, Lessor shall be required to give Lessee 30 days written notice which notice shall specify the alleged breach, during which time Lessee shall

12

be given the opportunity to cure said breach.

(c) *Failure of Lessee to Repair.*  In the event of the failure of Lessee promptly to perform the covenants of Section 4(c), Lessor may go upon the demised premises and perform such covenants, the costs, at the sole option of Lessor, to be charged to Lessee as additional and delinquent rent.

11. *Remedies of Lessor.*  If the Lessee, after having received at least 10 days written notice which outlines, with reasonable specificity and Lessee's failure to cure said default, any of the following alleged lease violations:

(a) Does not pay in full when due any and all installments of rent and/or any other charge or payment reserved, included, or agreed to be treated or collected, as rent and/or any other charge, expense, or cost agreed to be paid by the Lessee; or

(b) Violates or fails to perform or otherwise breaks any covenant or agreement herein contained; or

(c) Vacates the demised premises without having first paid and satisfied the Lessor in full for all rent and other charges then due or that may thereafter become due until the expiration of the then current term, above mentioned;

(1) The rent for the entire unexpired balance of the term of this lease, as well as all other charges, payments, costs and expenses agreed to be paid by the lessee, or at the option of lessor any part of it, and also costs and officer's commissions including watchman's wages and further including the 5% chargeable by Act of Assembly to the lessor, shall, in addition to any and all installments of rent already due and payment herein reserved, included or agreed to be treated or collected as rent, and/or any other charge, expense or cost agreed to be paid by the lessee which may be due and payable and in arrears, be taken to be due and payable in arrears as if by the terms and provisions of this lease, the whole balance of unpaid rent and other charges, payments, , costs and expenses were on that date payable in advance; and if this lease or any part is assigned, or if the premises or any part is sublet, Lessee hereby irrevocably constitutes and

13

appoints Lessor Lessee's agent to collect the rents due
by such assignee or sublessee and apply the same to the
rent due without in any way affecting lessee's
obligation to pay any unpaid balance of rent due
hereunder or in the event of any of the foregoing at
any time at the option of Lessor;

(2) This lease and the term hereby created shall
terminate and become absolutely void without any right
on the part of the Lessee to save the forfeiture by
payment of any sum due or by other performance of any
condition, term or covenant broken; whereupon, Lessor
shall be entitled to recover damages for such breach in
an amount equal to the amount of rent reserved for the
balance of the term of this lease, less any amounts
received from a subsequent Lessee of all or any part of
the premises.

(3) Lessor may lease the premises or any part or
parts of it.

12. *Confession of Judgment.* If rent and/or any charges
hereby reserved as rent shall remain unpaid on any day when
the same ought to be paid, but only after at least 30 days
written notice to Lessee outlining, with reasonable
specificity, the breach, and Lessee's failure to remedy the
breach within said 10 days, Lessee hereby empowers any
prothonotary or attorney of any court of record to appear
for Lessee in any and all actions which may be brought for
rent and/or the charges, payments, costs and expenses
reserved as rent, or agreed to be paid by the Lessee and/or
to sign for Lessee an agreement for entering in any
competent court an amicable action or actions for the
recovery of rent or other charges or expenses, and in suits
or in an amicable action or action to confess judgment
against Lessee for all or any part of the rent specified in
this lease and then unpaid including, at Lessor's option,
the rent for the entire unexpired balance of the term of
this lease, and/or other charges, payments, costs and
expenses reserved as rent or agreed to be paid by the
Lessee, and for interest and costs together with an
attorney's commission of 5%.  Such authority shall not be
exhausted by one exercise, but judgment may be confessed
from time to time as often as any of the rent and/or other
charges reserved as rent shall fall due or be in arrears,
and such powers may be exercised as well after the

14

expiration of the original term and/or during any extension
or renewal of this lease.

13. *Affidavit of Default.* In any amicable action of
ejectment and/or for rent in arrears, Lessor shall first
cause to be filed in such action an affidavit made by it or
someone acting for it setting forth the facts necessary to
authorize the entry of judgment, of which facts such
affidavit shall be conclusive evidence, and if a true copy
of this lease (and of the truth of the copy such affidavit
shall be sufficient evidence) be filed in such action, it
shall not be necessary to file the original as a warrant of
attorney, any rule of court, custom or practice to the
contrary.

14. *Right of Assignee of Lessor.* The right to enter
judgment against Lessee and to enforce all of the other
provisions of this lease may, at the option of any assignee
of this lease, be exercised by any assignee of the Lessor's
right, title and interest in this lease in his, her or their
own name, notwithstanding the fact that any or all
assignments of the right, title and interest may not be
executed and/or witnessed in accordance with the Act of
Assembly of May 28, 1715, 1 Sm. L. 94, and all supplements
and amendments that have been or may hereafter be passed and
Lessee hereby expressly waives the requirements of said Act
of Assembly and any and all laws regulating manner and/or
form in which such assignments shall be executed and
witnessed.

15. *Remedies Cumulative.* All of the remedies herein given
to Lessor and all rights and remedies given to Lessor by law
and equity shall be cumulative and concurrent. No
termination of this lease or the taking or recovering of the
premises shall deprive Lessor of any of Lessor's remedies or
actions against the Lessee for rent due at the time or
which, under its terms, would in the future become due as if
there had been no termination, or for sums due at the time
or which, under its terms, would in the future become due as
if there had been no termination, nor shall the bringing of
any action for rent or breach of covenant, or the resort to
any other remedy herein for the recovery of rent be
construed as a waiver of the right to obtain possession of
the premises.

16. *Condemnation.* In the event that the premises demised
or any part of it is taken or condemned for a public or

quasi-public use, this lease shall, regarding the part so
taken, terminate as of the date title shall vest in the
condemnor, and rent shall abate in proportion to the square
feet of leased space taken or condemned or shall cease if
the entire premises be so taken. In either event the lessee
waives all claims against the lessor by reason of the
complete or partial taking of the demised premises, and it
is agreed that the lessee shall not be entitled to any
notice whatsoever of the partial or complete termination of
this lease for this reason.

17. *Subordination and Non-Disturbance.* This lease and all
its terms, covenants and provisions are and each of them is
subject and subordinate to any and all mortgages and other
encumbrances now or hereafter placed upon the demised
premises or upon the land and/or the buildings containing
the same; Provided, however, so long as Lessee is not in
default under the terms of this lease, its possession of the
Demised Premises shall not be disturbed.

Accordingly, Lessee shall, from time to time, at the request
of Lessor and/or any of Lessor's mortgagees, promptly
execute and deliver to Lessor or Lessor's mortgagees, a
subordination, non-disturbance and attornment agreement.
Furthermore, if requested by any of Lessor's mortgagees,
Lessee shall promptly consent to the assignment of this
Lease from Lessor to said mortgagee(s).

Lessee hereunder, at the request of any transferee in
foreclosure of any mortgage on the Leased Premises, or in
lieu thereof, shall attorn to such other transferee and
shall recognize such transferee as Lessor under this Lease.
Lessee, upon request of any mortgagee of the Leased Premises
or such successor in interest, shall execute and deliver in
instrument or instruments confirming the foregoing
provisions

18. *Termination of Lease.* It is hereby mutually agreed that
either party may terminate this lease at the end of its term
by giving to the other party written notice at least 2
months prior thereto, but in default of such notice, this
lease shall continue upon the same terms and conditions in
force immediately prior to the expiration of its term as for
a further period of 1 month and so on from month to month
unless or until terminated by either party hereto, giving

16

the other 1 month written notice for removal previous to expiration of the then current term; provided, however, that should this lease be continued for a further period under the terms herein above mentioned, any allowances given lessee on the rent during the original term shall not extend beyond such original term, and further provided, however, that if lessor shall have given such written notice prior to the expiration of any term of its intention to change the terms and conditions of this lease, and lessee shall not within 1 month  from such notice notify Lessor of Lessee's intention to vacate the demised premises at the end of the current term, Lessee shall be considered as Lessee under the terms and conditions mentioned in such notice for a further term as above provided, or for such further term as may be stated in such notice.  In the event that Lessee shall give notice, as stipulated in this lease, of intention to vacate the demised premises at the end of the present term, or any renewal of extension of it, and shall fail or refuse to vacate on the date designated by notice, then it is expressly agreed that Lessor shall have the option either (a) to disregard the notice so given as having no effect, in which case all the terms and conditions of this lease shall continue thereafter with full force precisely as if such notice had not been given, or (b) Lessor may, at any time within 1 month after the present term or any renewal or extension, give the said Lessee thirty days' written notice of its intention to terminate the lease; whereupon the Lessee expressly agrees to vacate the premises at the expiration of the period of ten days specified in the notice.  All powers granted to Lessor by this lease may be exercised and all obligations imposed upon Lessee by this lease shall be performed by Lessee as well during any extension of the original term of this lease as during the original term itself.

19. *Notice.*  All notices required to be given must be given to the last known address of the other party by registered mail, return receipt signed by lessor or its agent.

20. *Lease Contains All Agreements.*  It is expressly understood and agreed by and between the parties that this lease and the riders attached to it and forming a part of it set forth all the promises, agreements, conditions and understandings between lessor or its agent and lessee relative to the demised premises, and that there are no promises, agreements, conditions or understandings, either

17

oral or written, between them other than those that are set forth.  It is further understood and agreed that, except as otherwise provided, no subsequent alteration, amendment, change or addition to this lease shall be binding upon Lessor or Lessee unless reduced to writing and signed by them.

21. *Heirs and Assignees.*  All rights and liabilities given to, or imposed upon, the respective parties shall extend to and bind the several and respective heirs, executors, administrators, successors and assigns of the parties; and if there shall be more than one Lessee, they shall all be bound jointly and severally by the terms, covenants and agreements of this agreement, and the word "Lessee" shall be deemed and taken to mean each and every person or party mentioned as a Lessee, be the same one or more; and if there shall be more than one Lessee, any notice required or permitted by the terms of this lease may be given by or to any one of them, and shall have the same force and effect as if given by or to all.  No rights, however, shall inure to the benefit of any assignee of Lessee unless the assignment to such assignee has been approved by lessor in writing, which approval shall not be unreasonably withheld.

23. *Headings.*  Any headings preceeding the text of the paragraphs and subparagraphs of this agreement are inserted solely for convenience or reference and shall not constitute a part of this lease, nor shall they affect its meaning, construction, or effect.

In witness whereof, the parties have executed these presents the day and year first above written, and intend to be legally bound.

Lessor

Trustees of Conneaut Lake Park, Inc.

Lessee

on the Lake Enterprises LLC.

18

# Exhibit A

## Description of Demised Premises
## Real Property

The entire Hotel Conneaut and associated grounds

Fun deck on joint priority basis with TCLP.

(to be expanded)

**Exhibit B**

**Description of Demised Premises**

**Personal Property**

**(inventory to be completed)**