UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 14-11277 JAD |
| | : | |
| TRUSTEES OF CONNEAUT LAKE PARK, INC., | : | CHAPTER 11 |
|    Debtor. | : | |
| _____ | : | JUDGE DELLER |
| | : | |

**SUMMARY OF AMENDED PLAN OF (PARTIAL) ORDERLY LIQUIDATION DATED MARCH 31, 2016 FILED BY THE UNOFFICAL (AD HOC) COMMITTEE OF REAL ESTATE TAX CREDITORS OF TRUSTEES OF CONNEAUT LAKE PARK, INC.**

The Unofficial (Ad Hoc) Committee of Real Estate Tax Creditors of Trustees of Conneaut Lake Park, Inc. (hereinafter the "Ad Hoc Committee"[1]) proposes this Summary of the Amended Plan of (Partial) Orderly Liquidation of which the following is a statement:

The Ad Hoc Committee proposes this Plan of (Partial) Liquidation pursuant to the provisions of Chapter 11 of the Bankruptcy Code ("the Plan"). On October 9, 2015 the Court issued an Order terminating the Debtor's exclusive right to file a Plan of Reorganization. The Ad Hoc Committee believes that it is in the best interest of the Bankruptcy Estate to quickly move to a Plan of (Partial) Orderly Liquidation so as to best maximize the recovery of assets and to minimize the liabilities of the Estate for the benefit of all creditors and the Estate.

Pursuant to the Plan, the Ad Hoc Committee proposes xthat the Debtor's real estate be classified/subdivided as follows: (i) The Leased Property; (ii) The Gifted Property; (iii) The Retained Property; (iv)The Property to be Liquidated.

**i.      The Leased Property**

Any current tenant of the Debtor who is leasing a residential cottage/parcel pursuant to a long-term lease with nominal consideration shall be entitled to a Quit Claim Deed from the Plan Administrator for the parcel they lease. The tenant will be responsible for paying the Plan Administrator $300.00 within ninety days from the date of Plan Confirmation in order to cover all costs necessary to record the Deed and pay transfer taxes, if any. The tenant shall have ninety days from Plan Confirmation to make this $300.00 payment to the Plan Administrator. If said payment is not provided to the Plan Administrator within ninety days, the lease shall be deemed rejected pursuant to 11 U.S.C. §365(h) and the Plan Administrator, at its option, shall be permitted to sell the leased premises pursuant to 11 U.S.C. §363.

**ii.      The Gifted Property**

The Gifted Property shall consist of that certain wetlands area situate in Summit and Sadsbury Townships. The wetland area in Sadsbury Township is identified on the map attached to the Disclosure Statement and Plan as Exhibit A in light orange. The wetlands area situate in Summit Township is identified in light green and denoted with the number 4 on the map attached to the Disclosure Statement and Plan as Exhibit A. A metes and bounds description of the Gifted Property shall be obtained and recorded by the Plan Administrator as soon as possible after Plan Confirmation. The Gifted Property shall be gifted to the Commonwealth of Pennsylvania, Dept. of Natural Resources for use as a nature preserve or as the department deems fit. It is anticipated that any transfer tax on the Gifted Property would be exempt pursuant to the provisions of 11 U.S.C. §1146.

**iii.      The Retained Property**

At Plan Confirmation, the Debtor would retain certain parcels of real estate currently used by the Debtor in the operation of its amusement park ("the Retained Property"). The Retained Property would remain subject to the charitable use restrictions contained in the existing Deed into the Debtor. The Debtor would thereafter continue to maintain and operate the Retained Property as a public park for the use and benefit of the public. The Retained Property is described on the map attached to the Disclosure Statement and Plan as Exhibit A and consists of the parcels colored in red, the southern portion of the parcel colored in orange located in Summit Township, and the green parcel identified as (No. 2) (currently a parking lot) situate just west of Route 618. A more detailed metes and bound description of the Retained Property will be provided to the Debtor as soon as practicable after confirmation. The Retained Property includes most, if not all, of the Debtor's current amusement park and rides, including, but not limited to, The Blue Streak Rollercoaster.  Additionally, the Retained Property will provide public access to Conneaut Lake from Route 618 and from the Parking Lot. Following confirmation of this Plan, it shall be the obligation of the Debtor to file all appropriate requests with Crawford County requesting a determination that some or all of the Retained Property be deemed exempt from future real estate taxes. Any real estate taxes due on the retained property prior to a granting of such an exemption shall be due and payable in full.

**iv.      The Liquidated Property**

The Liquidated Property shall consist of all remaining property of the Debtor, including, but not limited to, the RV Park (Camper Land) identified in dark green on Exhibit A to the Plan and Disclosure Statement; the hotel property identified on the Map in purple on Exhibit A to the Plan and Disclosure Statement; the Flynn property, identified on Exhibit A to the Plan and Disclosure Statement in green; the northern portion of the property identified in orange; all remaining property identified in green north of Reed Avenue; the property identified in light orange south of Utley Avenue; and the southern portion of the property identified in orange that is situate in Sadsbury Township. As soon as possible after the Plan is confirmed, the Plan Administrator will obtain a metes and bounds description of the Liquidated Property. The Ad Hoc Committee believes that higher value can be obtained for the Estate through the sale of the Liquidated Property as compared to a forced liquidation which would occur if the case was converted to a Chapter 7 proceeding, primarily due to the nature and character of the assets and liabilities of the Estate.

---

[1] The Ad Hoc Committee consists of Crawford County, Pennsylvania; Sadsbury Township, Crawford County, Pennsylvania; Summit Township, Crawford County, Pennsylvania; and Conneaut School District, Crawford County, Pennsylvania.

#940412

The Plan seeks to transfer control of the Liquidated Property to the Ad Hoc Committee and/or a Plan Administrator of the Ad Hoc Committee's choosing.  The Ad Hoc Committee intends to retain Lawrence C. Bolla, Esquire to function as the Plan Administrator and oversee the partial liquidation process.  The partial liquidation process will result in the distribution of all of the Estate's assets to its creditors with the exception of the Leased Property, the Gifted Property, and the Retained Property.  The Debtor shall continue to operate and maintain the Retained Property as a public park for the use of the public.

As of the date of the filing of this Plan, the assets of the Estate include, but are not limited to (1) approximately 200 acres of real estate situate in Crawford County, Pennsylvania, all of which the Plan proposes to re-classify and subdivide as set forth above; (2) various personal property, including, but not limited to, the amusement park rides; (3) the going concern value of Camper Land; (4) Chapter 5 Actions that the Plan Administrator contemplates filing; (5) litigation removed to this Court at Adversary Proceeding No. 15-1010 and currently on Appeal to the United States District Court for the Western District of Pennsylvania involving fire insurance proceeds of approximately $611,000.00; and (6) various assets including bank accounts and accounts receivable listed on the Debtor's Schedules and Monthly Operating Reports.

It is anticipated that the liabilities of the Estate can be kept to lower amounts if this Plan is timely pursued. The current liabilities of the Estate include, but are not limited to (1) unpaid real estate taxes; (2) secured claims; and (3) general, unsecured claims.  It is believed that if contested by the Estate certain of these claims can be settled at amounts believed to be less that currently claimed.

As of the date of the filing of this Plan, the Debtor's operations have resulted in significant operating losses up through and including February 29, 2016 in the amount of $1,045,621.14.  The Debtor has filed a Motion to retain a Broker to sell certain "non-core" real property[2]. The Debtor has filed a subdivision request with Summit Township to subdivide the "Flynn Property" and a small portion of the Property to be Retained.  It is anticipated that the subdivision request will be approved on or after April 5, 2016. The Debtor has also filed two Motions pursuant to Section 363 to sell lots four and five of the Flynn Subdivision.  The anticipated net proceeds from these sales in the approximate amount of $450,000.00 should be distributed to the Taxing Authorities on account of their first secured claim.

It is anticipated that during the wind-down stage of the Plan and the sale of the Liquidated Property, the Plan Administrator will be able to manage the Debtor's Estate in an efficient and cost-effective manner through the sale of the Debtor's various assets and through the use of the cash on hand as reported by the Debtor's Schedules and Monthly Operating Reports.

The Plan provides for the Debtor to retain certain of its real property upon which is currently situated the Debtor's amusement park (the "Retained Property") for the continued purpose of maintaining a public park.  As indicated above, the property leased by the Debtor to seasonal cottage tenants shall be conveyed by a Quit Claim Deed from the Plan Administrator.  Additionally, the Gifted Property as identified above shall be transferred to the Pennsylvania Dept. of Natural Resources.  Any assets of the Debtor other than the retained property, the leased property, or the gifted property shall be transferred to the Plan Administrator at Plan Confirmation, including, but not limited to, estate litigation and any cash on hand.

As soon as practicable after the Effective Date of the Plan, the Plan Administrator would file a Declaratory Judgment Action pursuant to FRCP 57 seeking an Order terminating or substantially altering the "use restriction" contained in the 1997 Deeds into the Debtor (the "Declaratory Judgment Action").  The Declaratory Judgment Action would request that the Doctrine of Cy Pres be applied to the extent that the Liquidated Property, the Leased Property, and the Gifted Property may be sold or transferred free and clear of any use restrictions contained in said Deeds. The Declaratory Judgment Action would further seek authority from the Court to (1) disburse any cash available from the sale of said assets to pay in full the Class 1 Claims, the Administrative Claims, Class 2 Claims, and Class 3 Claims; and (2) provide that the Plan Administrator may distribute any excess proceeds following the payment of these Claims to the reorganized Debtor.

The Plan Administrator will retain an experienced commercial real estate broker to liquidate the "Liquidated Property" and to conduct the sales in this Court pursuant to 11 U.S.C. §363.[3]  Pursuant to the Plan, the Plan Administrator will provide Quit Claim Deeds to any of the tenants currently leasing property from the Debtor pursuant to long-term leases with nominal consideration. The Plan Administrator will aggressively attempt to collect any and all outstanding claims and accounts receivable rightfully due to the Estate including but not limited to Chapter 5 Claims.  Once the funds have been collected, they will be utilized to make distributions to the creditors.  Once funds have been collected, they will be utilized to make distributions to creditors.

Respectfully submitted,

QUINN, BUSECK, LEEMHUIS, TOOHEY & KROTO, INC.

Dated: March 31, 2016          By:___ */s/ Lawrence C. Bolla*_____
                                     Lawrence C. Bolla, Esquire
                                     Pa. I.D. No. 19679
                                     Michael P. Kruszewski, Esquire
                                     Pa. I.D. No. 91239
                                     2222 West Grandview Boulevard, Erie, PA  16506-4508; (814) 833-2222
                                     Attorneys for the Ad Hoc Committee

---

[2] This Court approved retention of Passport Realty, LLC by Order dated July 31, 2015 at Document No.174.
[3] It is anticipated that the Plan Administrator will retain the Broker employed by the Debtor.

#940412