## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TRUSTEES OF CONNEAUT LAKE PARK, INC., | ) | Bankruptcy Case No. 14-11277-JAD |
| | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |
| | ) | |
| TRUSTEES OF CONNEAUT LAKE PARK, INC., | ) | Related to Doc. No. 320 |
| | ) | |
| | ) | Document No. _____ |
| Movant, | ) | |
| v. | ) | |
| | ) | |
| BERKHEIMER ASSOCIATES, CONNEAUT LAKE JOINT MUNICIPAL AUTHORITY, CONNEAUT SCHOOL DISTRICT, CRAWFORD COUNTY TAX CLAIM BUREAU, DONALD G. KALTENBAUGH, FIRST CAPITAL FINANCE, INC., JOSPEH J. PRISCHAK AND ISABEL J. PRISCHAK, MERCER COUNTY STATE BANK, QUINN, BUSECK, LEMHUIS, TOOHEY & KROTO, SADSBURY TOWNSHIP, SUMMIT TOWNSHIP, U.S. FOODSERVICE, ECONOMIC PROGRESS ALLIANCE OF CRAWFORD COUNTY, NORTHWEST PENNSYLVANIA REGIONAL PLANNING AND DEVELOPMENT COMMISSION, THE COMMONWEALTH OF PENNSYLVANIA, AND ALL UNNAMED HOLDERS OF LIENS, CLAIMS, OR ENCUMBRANCES, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Hearing Date & Time: April 19, 2016 @ 10:00 a.m.  Responses Due: April 8, 2016 |
| Respondents. | ) | |

**ORDER (A) AUTHORIZING AND APPROVING THE SALE OF REAL PROPERTY DESIGNATED AS LOT NO. 4 IN LAKEFRONT SUBDIVISION NO. 1 FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, INCLUDING ALL CHARITABLE USE RESTRICTIONS; AND (B) GRANTING RELATED RELIEF**

This matter is before the Court on the motion (the "Sale Motion")[1], filed on March 21, 2016 by Trustees of Conneaut Lake Park, (the "Debtor"), the debtor and debtor-in-possession in the above-captioned case (this "Chapter 11 Case") for an order (a "Sale Order") approving and authorizing the sale (the "Sale") of Real Property Designated as Lot No. 4 in Lakefront Subdivision No. 1 free and clear of all claims (as defined in section 101(5) of the Bankruptcy Code) and any other interests, liens, mortgages, pledges, security interests, rights of first refusal, obligations and encumbrances of any kind whatsoever (collectively, the "Interests") and all charitable use restrictions (the "Charitable Use Restriction").  Finding that: (A) adequate and sufficient notice of the Sale Motion and Sale Hearing and all transactions contemplated thereunder and in this Order having been given in the manner directed by the Court in the applicable Federal Rules of Bankruptcy Procedure; (B) all interested parties having been afforded an opportunity to be heard with respect to the Sale Motion and all relief related thereto; (C) the Court having reviewed and considered (i) the Sale Motion and all relief related thereto, (ii) the objections thereto, if any, and (iii) the Court having heard statements of counsel and any evidence presented in support of the relief requested by the Debtor in the Sale Motion at the Sale Hearing; (D) it appearing that the Court has jurisdiction over this matter, including jurisdiction to approve the Sale of the Subject Property free and clear of the Charitable Use Restriction; (E) it further appearing that the legal and factual bases set forth in the Sale Motion and at the Sale Hearing establish just cause for the relief granted herein; and (F) after due deliberation thereon, and good and sufficient cause appearing therefor,

---

[1] Unless otherwise stated, all capitalized terms not defined herein shall have the same meaning as set forth in the Sale Motion.

2

**THE COURT HEREBY FINDS AND DETERMINES THAT:**

**Jurisdiction, Final Order and Statutory Predicates**

1. This Court has jurisdiction to hear and determine the Sale Motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue is proper in this District and in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested in the Sale Motion are sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002(a)(2), 6004, and 9014, and Local Rules 6004-1 and 9013-3.

3. This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rule 6004(h), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Order, and expressly directs entry of judgment as set forth herein.

**Notice of the Sale**

4. Notice of Sale was provided to the following parties (the "Notice Parties"): (i) all lien holders; (ii) all creditors; (iii) all parties and counsel requesting notices in this case; (iv) the Office of the United States Trustee; and (v) the Office of the Attorney General for the Commonwealth of Pennsylvania.

5. The Debtor published notice of the Sale Motion, the Sale, the time and place of the Sale Hearing as required pursuant to Local Rule 6004-1(c)(1) and (2), with proofs of publication filed in accordance with Local Rule 6004-1(c)(3).

6. Notice of the Sale Hearing was reasonably calculated to provide all interested parties with timely and proper notice of the Sale and Sale Hearing.

7. The Notice of Sale and manner of publication described above were good, sufficient, and appropriate under the circumstances, and in compliance with requirements of sections 105(a) and 365 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004, and 9008. No other or further notice of the Sale Motion, Sale Hearing, the Sale is or shall be required.

8. A reasonable opportunity to object and be heard with respect to the Sale and the Sale Motion and the relief requested therein (including the lifting of the Charitable Use Restriction), has been afforded to all interested persons and entities, including the Notice Parties.

### Good Faith of Purchaser

9. The Sale Agreement between the Debtor and the Purchaser was negotiated, proposed and entered into by the Debtor and the Purchaser in good faith and from arms' length bargaining positions and without collusion, fraud, or unfair advantage.

10. The Purchaser is purchasing the Subject Property in good faith and is a good faith purchaser for value within the meaning of section 363(m) of the Bankruptcy Code and any other applicable or similar bankruptcy or non-bankruptcy law, and is therefore entitled to all of the protections afforded by that provision.

### Highest and Best Offer

11. At the Sale Hearing, the Court conducted an auction affording a full, fair, and reasonable opportunity for any person or entity to make a higher or otherwise better offer to purchase the Subject Property.

12.     At the conclusion of the Sale Hearing, the terms and conditions of the Sale Agreement constituted the highest and otherwise best offer to purchase the Subject Property.

13.     The consideration provided by the Purchaser pursuant to the Sale Agreement (i) is fair and reasonable, (ii) is the highest or otherwise best offer for the Subject Property; and (iii) constitutes reasonably equivalent value and fair consideration. No other person or entity or group of entities has offered to purchase the Subject Property for greater economic value to the Debtor's estate. Approval of the Sale Motion and the Sale Agreement is in the best interests of the Debtor, its estate, creditors, and other parties in interest.

### Validity of Transfer

14.     The Debtor (i) has full corporate power and authority to execute and deliver the Sale Agreement and all other documents contemplated thereby, (ii) has all corporate authority necessary to consummate the transactions contemplated by the Sale Agreement, and (iii) has taken all corporate action necessary to authorize and approve the Sale Agreement and the consummation of the transactions contemplated thereby. The Debtor's Sale of the Subject Property has been duly and validly authorized by all necessary corporate action. No consents to approvals, other than those expressly provided for in the Sale Agreement, are required for the Debtor to consummate the Sale and the Sale Agreement and the transactions contemplated thereby.

15.     The Debtor is the sole and lawful owner of the Subject Property. The transfer of the Subject Property to the Purchaser will be, as of the closing of the transactions contemplated by the Sale Agreement (the "Closing Date"), a legal, valid, and effective transfer of the Subject Property, which transfer vests or will vest the Purchaser with all right, title, and interest of the Debtor to the Subject Property free and clear of (A) all Interests, whether arising

prior to or subsequent to the commencement of the case, and relating to, accruing or arising any time prior to the Closing Date, and (B) the Charitable Use Restriction.

### Section 363(f) is Satisfied

16. The conditions of one or more of the standards set forth section 363(f)(l)–(5) of the Bankruptcy Code have been satisfied in full; therefore, the Debtor may sell the Subject Property free and clear of any Interest and Charitable Use Restriction in the Subjection Property. The holders of Interests who did not object or withdrew objections to the Sale are deemed to have consented to the Sale pursuant to section 363(f)(2) of the Bankruptcy Code.

17. All other holders of Interests are adequately protected by having their Liens or Claims (as defined below), if any, in each instance against the Debtor, its estate, or the Subject Property, attach to the net cash proceeds of the Sale ultimately attributable to the Subject Property with the same validity, force and effect that such Liens or Claims had prior to the Sale, subject to any claims and defenses the Debtor and its estate may possess with respect thereto and subordinate to the payment of allowed administrative expenses to the extent provided herein.

**NOW THERFORE, it is hereby ORDERED, ADJUDGED and DECREED that:**

a. The Sale Motion shall be, and hereby is, GRANTED, and, accordingly, the Debtor (i) shall be, and hereby is, permitted to consummate the Sale of the Subject Property in accordance with, and consistent with, the terms of the Sale Agreement, free and clear of any and all liens, claims, and encumbrances, including the Charitable Use Restriction, with such valid liens to attach to the proceeds, and (ii) shall make, execute, and deliver to the Purchaser the necessary documents

6

required to transfer title to the Subject Property upon compliance with the terms of the Sale, and (iii) is hereby authorized to take any and all actions as may be necessary or desirable to close;

b.  All objections to the Sale Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are OVERRULED on the merits;

c.  The terms and conditions of the Sale Agreement are hereby approved in all respects, and the Sale is hereby authorized under Bankruptcy Code §§363(b) and 363(f);

d.  By the issuance of this Order, the Debtor is authorized to execute and deliver, and empowered fully to perform under, consummate and implement, the Sale Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Sale Agreement, and to take all further actions as may reasonably be requested by the Purchaser for the purpose of assigning, transferring, granting, conveying and conferring to the Purchaser, or reducing to the Purchaser's possession, the Subject Property, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Sale Agreement;

e.  Pursuant to Bankruptcy Code §§105(a) and 363(f), the Property shall be transferred to the Purchaser upon Closing under the Sale Agreement and, except as specifically provided in the Sale Agreement shall be free and clear of all mortgages, security interests, conditional sale or other title retention agreements, rights of first refusal, pledges, liens, judgments, demands, encumbrances, easements, restrictions or charges of any kind or nature, if any, any restriction on the use, voting, transfer, receipt of income or other exercise of any attributes of ownership (the foregoing collectively referred to herein as "Liens") and all debts arising in any way directly or indirectly in connection with any acts of the Debtor, including, but not limited to, any claims (as that term is defined in the Bankruptcy Code), obligations, demands, guarantees, options, rights, contractual

commitments, restrictions, alleged offset rights of any kind, interests and matters of any kind and nature, whether arising prior to or subsequent to the commencement of the bankruptcy case, whether matured or unmatured, liquidated or unliquidated, whether known or unknown, and whether imposed by agreement, understanding, law, equity or otherwise, including without limitation, those of the kind specified in Bankruptcy Code §§502(g), 502(h) 502(i), or 365(h) (the foregoing collectively referred to herein as "Claims"), and the Charitable Use Restriction shall be discharged as to the Subject Property and as to the Purchaser; provided however, and all valid Liens shall attach to the proceeds in their order of priority;

f. All persons and entities holding Liens or Claims of any kind and nature with respect to the Subject Property are hereby barred and enjoined from asserting such Liens and Claims of any kind and nature against the Purchaser, its successors or assigns, or the Subject Property;

g. Upon the consummation of the Sale, all Liens, Claims, and the Charitable Use Restriction shall be deemed released and discharged with all such valid Liens attaching to the proceeds of the Sale in their respective order of priority; provided, however, notwithstanding any other provision hereof, this Sale Order shall, and hereby does, bind, and govern the acts of, all entities including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any or all of the Subject Property;

h.  Each and every federal, state and local governmental agency or department hereby is directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Sale Agreement;

i.  If any person or entity that has filed financing statements, mortgages, Liens or other documents or agreements evidencing Liens on, or interests in, the Property shall not have delivered to the Debtor prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or releases of all Liens or other interests which the person or entity has with respect to the Property, the Debtor, at the time of the consummation of the Sale, is hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Property;

j.  All entities that are presently, or on the Closing Date may be, in possession of some or all of the Subject Property are hereby directed to surrender possession of said property to the Purchaser on the Closing Date;

k.  As of the Closing Date, all agreements of any kind whatsoever and all orders of this Court entered prior to the date hereof shall be deemed amended and/or modified to the extent required to permit the consummation of the transactions contemplated by the Sale Agreement;

l.  This Court retains jurisdiction (i) to enforce and implement the terms and provisions of the Sale Agreement and all amendments thereto, any waivers and consents thereunder, and each of the agreements executed in connection therewith, (ii) to resolve any disputes arising under or related to the Sale Agreement, except as otherwise provided therein, and (iii) to bar the enforcement or assertion of any encumbrances or other Claims against Purchaser;

9

m.   The Purchaser is a purchaser in good faith of the Property in accordance with *In re Abbott's Dairies of Pennsylvania, Inc.*, 788 F.2d 143 (3d Cir. 1986) and is entitled to all of the protections afforded by Bankruptcy Code §363(m);

n.   The terms and provisions of the Sale Agreement, together with the terms and provisions of this Sale Order, shall be binding in all respects upon, and shall inure to the benefit of the Debtor, its estate and its creditors, the Purchaser, and its respective affiliates, successors and assigns, and any affected third parties, including but not limited to, all persons asserting a claim against or interest in the Debtor's estate or the Subject Property;

o.   The failure specifically to include any particular provisions of the Sale Agreement or any of the documents, agreements or instruments executed in connection therewith in this Sale Order shall not diminish or impair the efficacy of such provision, document, agreement or instrument, it being the intent of the Court that the Sale Agreement and each such document, agreement or instrument be authorized and approved in its entirety;

p.   The Sale Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment or supplement is not material;

q.   The divested Liens, Claims, and encumbrances shall be, and hereby are, transferred to the proceeds of the Sale, but only to the extent that they are valid, enforceable and unavoidable Liens, Claims, and encumbrances;

r.   The following disbursements, costs, and expenses of sale are projected at the time of the closing on the sale of the Subject Property:

    a.   Real Estate Commission:                  $18,200.00

   b. Other Expenses of Sale:      $30,000.00

s. Other expenses of Sale include $30,000.00 for certain professional fees and costs incurred by the Debtor during this Chapter 11 case that are surcharged against the Subject Property pursuant to 11 U.S.C. § 506(c). The professional fees and costs represent a fraction of the total amount due and owing to the estate's professionals. The $30,000 Other Expenses of Sales is projected to be allocated among the retained professionals as follows:

| Name of Professional | Nature of Fees & Expenses | Amount |
|---|---|---|
| Porter Consulting Engineers | Land Use Planning, Surveys, and Project Drawings | $4,000.00 |
| Shafer Law Firm | Title Work, Subdivisions, and Zoning | $1,000.00 |
| Stonecipher Law Firm | Professional services rendered to the estate | $25,000.00 |
| TOTAL: | | $30,000.00 |

t. The remaining proceeds shall be distributed at closing in accordance with the lien priority of the Debtor's creditors holding Allowed Secured Claims as more particularly described in Schedule 1 attached hereto and incorporated herein. To the extent a creditor holds a Disputed Claim (as defined in the Debtor's Plan), no proceeds shall be distributed on account of the Disputed Claim unless and until, and only to the extent, it becomes an Allowed Claim.

u. The terms of this Order shall survive any dismissal or conversion of this bankruptcy case.

BY THE COURT:

4-19-2016

United States Bankruptcy Judge
Jeffery A. Deller

FILED
4/19/16 3:23 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

11